MARY KEAN, Appellant, v. H. W. KOLKSCHNEIDER, Respondent.

St. Louis Court of Appeals, April 6, 1886.

1. LANDLORD AND TENANT—LESSOR AND LESSEE.—A lessor can not recover for rent and possession against his lessee, where he has not put the lessee in possession of the leased premises.

2. ———— That the lessee may have the right to exercise the lessor's remedies against a person wrongfully in possession, does not oblige him to do so or absolve the lessor from his duty to put the lessee in possession.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Affirmed.*

BROADHEAD & HAEUSSLER, for the appellant.

MUENCH & CLINE, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This was a landlord's summons for rent and possession. The plaintiff's evidence tended to show that the plaintiff had leased the premises to the defendant for a term of years by a written lease containing the usual covenants; that the defendant had paid one month's rent; that a portion of the premises was occupied by one Gionochio, a former tenant of the plaintiff; that the defendant had agreed to accept and deal with Gionochio as his own tenant, and that he had accepted that portion of the premises which was vacated in lieu of the whole. The defendant's evidence tended to show that he had accepted the written lease and paid one month's rent as stated, but that he had never been put in possession of the premises in whole or in part, had never agreed to accept Gionochio as his tenant, or to take upon himself the

burden of getting possession from Gionochio of that portion of the premises which the latter occupied.

The case was put to the jury on unexceptionable instructions, the substance of which was, that if they should find the facts to be in accordance with the plaintiff's evidence, they should find for the plaintiff, and if in accordance with the defendant's evidence, for the defendant. The jury found for the defendant, and there is really nothing for review.

The principle is not doubted that the defendant took with his lease whatever remedies the plaintiff may have had to recover possession from any person then in possession. *Kelly v. Clancy*, 15 Mo. App. 519. He might have brought an action of unlawful detainer against Gionochio and recovered therein, provided the plaintiff immediately before the execution of the lease could have brought such an action against Gionochio and recovered therein. As between him and Gionochio, he took all the remedies against Gionochio which the plaintiff had. But as between him and the plaintiff, he was not bound to exercise those remedies, if the state of the case made by his evidence is true, because the plaintiff was bound, under the covenants of the lease, to put him in possession. If the plaintiff failed to do this, the contract was first broken on her part, the defendant has an action against her for damages for the breach of it (*Hughes v. Hood*, 50 Mo. 350); and having herself broken it in its incipiency and in its most essential part, she can not maintain an action against him for the breach of it. Especially is it true that she can not maintain this action against him, if he is not in actual or constructive possession; for the statute gives the right of action only against the lessee, or person occupying the premises. Rev. Stat., sect. 3098.

The judgment will be affirmed. It is so ordered. All the judges concur.