J. H. RIEGER, Appellant, v. G. A. WELLES et al., Respondents.

Kansas City Court of Appeals, November 23, 1903, and February 6, 1905.

1. LANDLORD AND TENANT: Covenant to Put in Possession: Waiver. Where a tenant is advised that a preceding tenant intends to hold over a part of the leased premises, and on the day of the commencement of the lease such preceding tenant is still in possession, but the new tenant enters into possession of the other part of the premises and pays the full month's rent for the whole of it, the latter tenant accepts constructive possession of the part retained by the former tenant and after such waiver may not complain that he was deprived of the actual possession of such portion of the premises.

2. EVIDENCE: Abstract: Lease: Appellate Practice. Where a lease is not set out in the abstract for the reason that it is

not in power or possession of the appellant, the appellate court cannot review the action of the trial court in refusing to admit it in evidence.

3. **LANDLORD AND TENANT: Duty to Put in Possession: Action.** Where a tenant is prevented by a wrongdoer from taking possession he is not compelled to proceed against the latter but may bring his action against his lessor on his covenant to deliver possession.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

REVERSED AND REMANDED.

*Edward C. Wright* and *James C. Rieger* for appellant.

(1)  On the undisputed facts plaintiff was entitled to recover.  The lease contained a covenant to pay the rent but contained no covenants on the  part of  the lessor.  The defendants signed the lease, accepted possession of a part of the leased premises, knowing that Crowe was in possession of the other and smaller part. This agreement on their part waived the full performance of any implied covenant on the part of the plaintiff for full possession of the property.  Prior v. Kiso, 81 Mo. 249; R. S. 1889, sec. 6371.  (2)  The lease contained an express covenant to pay rent and from such express covenant nothing will release the tenant but an eviction, unless the tenant was otherwise legally entitled to quit possession, or the landlord accepts another person as tenant.  Churchill v. Lammers, 60 Mo. App. 244; Bailey v. Wells, 8 Wis. 141; Gardner v. Keteltos, 3 Hill (N. Y.) 330; Kelley v. Clancy, 15 Mo. App. 519; Jones v. Barnes, 45  Mo. App. 590; Whiston v. McCarthy, 32 Mo. App. 430; Ward v. Krull, 49 Mo. App. 449.  (3)  The exclusion of the lease between Rose and the defendants was reversible error.  The defendants did take possession of the whole premises and this lease goes to show that the eviction claimed was not real but

fanciful. Ouster from possession is not alone sufficient to make the landlord responsible; it must further appear that the ouster was through the landlord and that the tenant dissented at the time. Perry v. Wall, 68 Ga. 70; Odgen v. Sanderson, 3 E. D. Smith 166.

*Porterfield, Sawyer & Conrad* for respondents.

(1) The lessor cannot recover against his lessee where he has not put the lessee in possession of the leased premises. Rent is something given by way of compensation to the lessor for the use of the land, and, if any act or omission of the lessor prevents the lessee from using the land at the time and in the manner provided in the lease, the lessor cannot recover rent. Taylor on Landlord and Tenant (8 Ed.), sec. 176; Clark v. Butt, 26 Ind. 236; Coe v. Clay, 5 Bing. 440; Jenks v. Edwards, 11 Exch. 774; Hughes v. Wood, 50 Mo. 350; Hay v. Cumberland, 25 Barb. (N. J.), 594; Smith v. Thurston, 19 Mo. App. 48; 1 Taylor on Landlord and Tenant (8 Ed.), sec. 377; Subway Co. v. St. Louis, 69 S. W. 294; Jackson v. Eddy, 12 Mo. 209; Kean v. Kolkschneider, 21 Mo. App. 538; Tunis v. Grandy, 22 Gratt. (Va.) 109; Spencer v. Burton, 5 Blackf. (Ind.), 59. (2) It was the duty of the appellant to deliver possession of the leased premises to the respondents at the time fixed in the lease for the beginning of the term. Taylor on Landlord and Tenant (8 Ed.), sec. 176; Hay v. Cumberland, 25 Barb. (N. J.) 594; 12 Am. and Eng. Ency. of Law, 686, 696; Kean v. Kolkschneider, 21 Mo. App. 538; Smith v. Thurston, 19 Mo. App. 48; Reed v. Reynolds, 37 Conn. 469; McClurg v. Price, 59 Pa. 420; Spencer v. Burton, 5 Blackf. (Ind.), 59; Coe v. Clay, 5 Bing. 540; Hughes v. Wood, 50 Mo. 350. (3) If the landlord cannot put the lessee into possession of all the premises described in the lease, the lessee will be justified in abandoning the whole lease. Smith v. Thurston, 19 Mo. App. 58; Taylor on Landlord and

Tenant (8 Ed.), sec. 177; Hays v. Cumberland, 25 Barb. 594; 12 Am. & Eng. Ency. of Law (1 Ed.), 686, 696; Kean v. Kolkschneider, 21 Mo. App. 538; Prior v. Kiso, 81 Mo. 249; Reed v. Reynolds, 37 Conn. 469; McClurg v. Price, 59 Pa. 420. (4) The fact that the lessees went into possession of part of the room, did not affect their right to rescind the lease, when they found that they could not get full possession, as provided in the lease. Taylor on Landlord and Tenant (8 Ed.), secs. 176 and 177; Hay v. Cumberland, 25 Barb. 594; 12 Am. and Eng. Ency. of Law (1 Ed.), 686, 696; Jackson v. Eddy, 12 Mo. 132; Smith v. Thurston, 19 Mo. App. 48; Kean v. Kolkschneider, 21 Mo. App. 538; Reed v. Reynolds, 37 Conn. 469; McClurg v. Price, 59 Pa. 420.

SMITH, P. J.—Action for rent. The plaintiff was the owner of a storeroom which was divided into two rooms, Nos. 1028 and 1028½ on Union avenue in Kansas City. On September 17, 1898, the Heim Brewing Co. occupied the former of these rooms for storage purposes under some kind of an agreement with the plaintiff. One Crowe occupied the latter under a lease expiring on October 1, 1898. On the said 17th day of September the plaintiff and defendants entered into a written lease by the provisions of which the former demised to the latter said storeroom for the term of five years at a rent reserved of one hundred and seventy-five dollars per month, the term to begin on October 1, 1898. It appears that Crowe as well as defendants were what is commonly known as "ticket brokers." The testimony of the plaintiff was that before the making of the lease to the defendants, Crowe came to him—plaintiff—saying that his business had not been profitable and that he would like to remain in possession until after the fall festivities—some twenty days beyond the date of the expiration of his lease—but that he—plaintiff—had refused to grant his request.

It appears that on the same day the lease was executed and immediately thereafter the plaintiff wrote a notice to Crowe and delivered it to the defendants to be by them delivered to Crowe informing him that the storeroom had been leased to defendants and that they had agreed to arrange with him (Crowe), if he so desired, to remain in the room, 1028½, occupied by him on the same terms that he was then paying. This notice the defendants caused to be delivered to Crowe.

On the same day, but after the execution of the lease, the defendants also entered into a written stipulation to the effect that as they had entered into said lease with plaintiff they thereby agreed to allow said Crowe to retain possession of said room—1028½—until October 20, 1898, provided he so desired and would pay to them the rent on the first day of that month at the rate of $100 per month. It further appears that at the date of the execution of the lease the plaintiff delivered to defendants the keys to the said storeroom.

The Heim Brewing Co. vacated room 1028 during the latter part of September and the defendants went into actual possession of that room. It appears that Crowe declined to avail himself of the privilege accorded him by the defendants in their stipulation supplementing the lease, or to vacate at the expiration of his lease. About the 24th of September the defendants according to their own testimony were informed by Crowe that he would not avail himself of the privilege accorded to him by the stipulation to the lease but that he intended to continue his occupancy through the coming month of October. With this knowledge the defendants on the first day of October went to plaintiff and paid the $175 rent required by the lease for that month. A few days later on, the defendants complained to plaintiff that Crowe was still in possession, and also requested the plaintiff to bring a suit for the recovery of the possession; and to this request the latter declined to accede, insisting that it was the duty of defendants

to bring such suit. On the 7th of October the plaintiff brought his suit of unlawful detainer against Crowe. For one cause and another the suit dragged along until plaintiff dismissed it, Crowe in the meantime having vacated the room. The plaintiff testified that according to his understanding the forcible detainer suit was brought by his attorney at the instance of the defendants; that he did not think that Crowe was his tenant for the reason defendants had told him that as they had a five years' lease that they would put him (Crowe) out if he did not avail himself of the stipulation supplementing the lease and pay the rent.

On October 22, before the plaintiff dismissed the unlawful detainer suit, the defendants gave plaintiff notice that they had rescinded the lease because he had not delivered the possession of the storeroom to them as he was bound to do under the lease. They then vacated the room and refused to pay further rent. The cause was tried before the court without the aid of a jury. It found for the defendants. It is impossible to tell upon what theory the cause was determined for the defendants since no declarations of law were requested or given outside of that of a peremptory character refused for plaintiff.

When the defendants entered into the lease they knew that Crowe was in the possession of one room—1028½—under a lease that would not expire until October 1, 1898, and by their supplementary stipulation they agreed that he might remain until November following if he so desired on payment of certain rent. They were put in possession of 1028 on the 24th of September preceding the day named in the lease on which their term was to begin. Before this they were advised by Crowe that he did not intend to vacate 1028½ on October 1, and they knew, too, when that day arrived that he was still in possession not intending to vacate until November 1, and that notwithstanding this, they paid the October rent without, as plaintiff testifies, say-

ing a word about the occupancy of Crowe or complaining that they had not been put in possession of the entire storeroom.  Under these circumstances we must think that they thereby waived the covenant implied by the lease requiring plaintiff, lessor, to put them in possession of the entire store on the day that the term of their lease began.  They thereby accepted and substituted the constructive possession of No. 1028 and could not, after such waiver, complain that they were deprived of the actual possession of that room.  Besides this, it appears that after Crowe had notified them that he would not "recognize them" and intended to remain in possession during October under some sort of prior verbal lease with plaintiff, that the defendants told plaintiff that inasmuch as they had a five years' lease on the property that they themselves would take such steps as they thought proper in respect to dispossessing Crowe, and that this was a matter in which he need not concern himself.

There was evidence tending to prove that shortly after October 1 the defendants re-rented of a Mr. Rose the room which they had been occupying and then gave the plaintiff notice that they had rescinded their lease with him.  The plaintiff offered this lease in evidence but the offer was by the court rejected.  It was not preserved in the bill of exceptions for the reason, as therein stated, that Mr. Rose had "withdrawn it and would not permit the plaintiff's attorney to have it so that he might copy it into the bill of exceptions." We cannot in this state of the record pass upon the propriety of the action of the court in respect to the exclusion of it.

The plaintiff contends with much seeming plausibility that the Rose lease shows the reason why the defendants changed front and sought to rescind plaintiff's lease, and that it was the obtaining of the Rose lease rather than the possession of Crowe that induced them to seek the recission of that from plaintiff.  Since

the testimony was so much at variance and took such a wide range, we should think from all we can discover in respect to the Rose lease that it should have been received and considered along with the other evidence. It may be that it would have thrown some light on the issue. Its existence probably would account for why the defendants finally refused to bring suit to dispossess Crowe. The plaintiff testified that he did bring the suit but that he supposed his attorney brought it at the instance of and for defendants, and that when he learned otherwise he dismissed it. Under the circumstances we cannot discover that the suit brought by plaintiff against Crowe and afterwards dismissed by him has any important bearing on the case.

It is not disputed that under the written lease of plaintiff to Crowe that his term expired on the day before that of defendants', under their lease, began. In other jurisdictions it has been held that where a landlord has the right to the possession and makes a lease, the lessee acquires that right and must take the legal steps required to obtain possession of a prior tenant holding over without right. [Field v. Herrick, 101 Ill. 110, and other cases cited in plaintiff's brief.] And in this State it is held that the tenant, whose occupancy is prevented by a wrongdoer is not compelled to proceed against him but may take his action against his lessor on his covenant to deliver possession. [Hughes v. Hood, 50 Mo. 350.] And the rule is the same where it is through the agency of the landlord that the lessee fails to get possession. [Jackson v. Eddy, 12 Mo. 209; Smith v. Thurston, 19 Mo. App. 48; Kean v. Kolkschneider, 21 Mo. App. 538.] But these rules have little or no application to a case like this (though much discussed in the briefs of counsel) for the reason that the implied covenant requiring the delivery of the possession was waived. It inevitably results from this that the defendants had no right to rescind the lease nor to claim exemption from liability

for rent. We are unable to determine upon what theory the court determined the case adversely to plaintiff. We are inclined to think the judgment is for the wrong party, yet, in view of the contradictions in the evidence, it might be given either way. We do not feel that the judgment in the present record ought to stand and so we will reverse it and remand the cause, so that it may be tried again. All concur.

PER CURIAM.—On a rehearing and reconsideration of this case the opinion heretofore written by *Smith, P. J.*, was adopted.