SALLIE McCLOUD PEARCE, Respondent, v. WILLIAM A. HOYT, Appellant.

Kansas City Court of Appeals, April 19, 1909.

LANDLORD AND TENANT: Eviction: Wrongdoer: Evidence: Instructions. The evidence relating to the question of whether a tenant was evicted by a wrongdoer is reviewed and held insufficient to sustain such defense and sufficient to warrant a direction to find for the plaintiff. The rule in regard to eviction by a wrongdoer is held not to be applicable.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*Metcalf, Brady & Sherman* for appellant.

(1)    The court erred in overruling the defendant's motion to strike out the parts of the reply pertaining to the special pleas and in admitting evidence to sustain such pleas. Hamilton v. Wright's Admr., 28 Mo. 199, 24 Cyc., 1057; Boone v. Stover, 66 Mo. 430; Reiger v. Wells, 110 App. 166; Ream v. Kolkschneider, 21 Mo. App. 538; Hughes v. Hord, 50 Mo. 350; L'Hussier v. Zullee, 24 Mo. 13; Shoemaker v. Crawford, 82 Mo. App. 487; Thompson, 309, 315; Witto v. Quinn, 38 Mo. App. 681; Randolph v. Frick, 57 Mo. App. 400; Hill v. Mining Co., 119 Mo. 9; Crigler v. Duncan, 121 Mo. App. 381; Maheney v. Reed, 40 Mo. App. 99; Steinberg v. Insurance Co., 49 Mo. App. 265; King v. Insurance Co., 101 Mo.

App. 170; Prior v. Kiso, 81 Mo. 252; Laclede Const. Co. v. Iron Works, 169 Mo. 154; Clement v. Yates, 69 Mo. 623; Rosenfeld v. Siegfried, 91 Mo. App. 169; Rhodes v. Land & Lumber Co., 105 Mo. App. 314; McMahill v. Jenkins, 69 Mo. App. 279; Jackson v. Powell, 110 Mo. App. 249.

*Joseph A. Guthrie* for respondent.

(1) There is no defense pleaded in the answer and none was proven at the trial. Hueist v. Marx, 67 Mo. App. 422; Wimer v. Shelton, 7 Mo. 266; Paxan v. Talmage, 87 Mo. 13; Herf et al. v. Lackawanna Line, 70 Mo. App. 274; Ricketts et al. v. Hart, 73 Mo. App. 647; Smith v. Wooden, 179 Mo. 119; Rieger v. Wells, 110 Mo. App. 171.

JOHNSON, J.—Action by a lessor against her lessee to recover rent due and unpaid. Plaintiff alleges that the rent of the demised premises for the months of July, August and September, 1907, of $200 per month was not paid by defendant and is due and payable under the terms of the lease. In effect, defendant admits in his answer that he is the lessee of the premises as charged in the petition and that he did not pay the rent in controversy, but he seeks to justify his action on the ground that he was evicted from a part of the demised premises and being thus deprived of the beneficial enjoyment thereof is himself the injured party and is excused in law from paying the rent by plaintiff's breach of her covenant to give him continuous and peaceful possession of the entire premises.

The reply, in addition to a general denial, contains pleas of waiver and estoppel. A motion to strike out the new matter in the reply was filed by defendant and overruled by the court. Defendant excepted and argues that the ruling on the motion was erroneous. The trial to a jury resulted in a verdict and judgment for plaintiff for the full amount demanded in the petition. Defendant appealed.

The premises are known as 549 and 551 Main street in Kansas City and are used for business purposes. A three-story business building fronting on Main street covers the lot to its full width. Adjoining this building on the north is another business house owned by a stranger to this suit. A common stairway affords access from Main street to the second and third floors of both buildings. Half of this stairway is on the premises of plaintiff; the other half on those of the adjoining proprietor. Double doors are at the street entrance to the stairway. A life insurance company owned the premises a number of years and rented them from month to month to a merchant named Quinn. January 28, 1906, the insurance company sold and conveyed the property to defendant by warranty deed. February 15, 1906, defendant conveyed to plaintiff by warranty deed. On the same day, plaintiff leased in writing the property to defendant for a term of three years, beginning on the first day of the following month, at a monthly rental of $200. As a part of the transaction, a separate written contract was signed by the parties in which it was agreed that defendant "accepts the lease so made as aforesaid to himself, subject to the rights of the said Quinn and agrees and consents to be bound by all the provisions of the said lease to him as fully as though he were in actual possession of said premises at this date, the said Sallie McCloud Pearce agrees, however, that whenever so requested in writing by the said Hoyt, she will terminate said tenancy of said Quinn as soon as it may be lawfully done after receipt of such notice."

It appears from the evidence that the sale of the property to plaintiff and the letting thereof to defendant were parts of one transaction and that defendant's agreement to become plaintiff's lessee was an inducing cause of the sale. Quinn was paying $175 per month rent for the whole property and on March 5, 1906, defendant notified him in writing that beginning May 1st, the rent would be raised to $250 per month. Quinn ac-

cepted defendant as his landlord and paid the rent to him but vacated the premises a month or two after the rent was raised. Defendant paid plaintiff $200 per month rent until July 1, 1907, when he quit paying. After Quinn moved out, defendant in repairing the building, closed up the inside entrance from the first floor to the stairway, leaving the stairway without any entrance except that from the street. In March, 1907, defendant entered into negotiations to lease the property to a man he thought would be a desirable tenant. This man went to inspect the premises and found he could not obtain entrance to the stairway on account of the street doors being locked. He reported this fact to defendant who sent a young man from his office to make demand of the adjoining proprietor to remove the lock from the doors. The demand was made in a manner so uncivil and peremptory that it angered the adjoining proprietor into refusing to comply with it. Defendant lost his customer —he claims on account of access to the upper floors being denied him. On April 20th following, plaintiff and the adjoining proprietor entered into a written agreement to keep the street doors open for the common use and benefit of the occupants of both buildings. Defendant was wrong in thinking, as he did, that the adjoining proprietor had obstructed the entrance to the stairway. His own tenant, Quinn, had locked the doors some years before and kept them locked because he did not wish that entrance to be used. The doors were locked when defendant sold the property to plaintiff and remained in that condition until plaintiff and the adjoining proprietor agreed to open them. All defendant had to do to open the doors himself was to have Quinn give him the key but it did not occur to him to do this. There is no serious dispute over any of the facts we have stated and they may be taken as the established facts of the case. Other facts appear in evidence, but those stated control the disposition of the case.

The admission by defendant in his answer and evidence that he was the lessee of plaintiff under the lease pleaded in the petition and had not paid the matured rent demanded, cast on him the burden of excusing his apparent default by proof of the existence of the breach of the contract by plaintiff, pleaded in his answer. He has failed completely to sustain this burden and the learned trial judge would have committed no error had he peremptorily instructed the jury to return a verdict for 'plaintiff. The rule invoked by defendant "that the tenant, whose occupancy is prevented by a wrongdoer, is not compelled to proceed against him but may take his action against his lessor on his covenant to deliver possession" (Rieger v. Welles, 110 Mo. App. 166) has no application here for the reason that no facts or circumstances have been adduced by defendant to support the conclusion that he was deprived of the stairway either by plaintiff or by the adjoining proprietor. He has proved nothing but the fact that a year after he leased the premises, he found the street doors locked. This fact alone does not warrant the inference that he was excluded from the use of the stairway by plaintiff, the adjoining proprietor, or even by a wrongdoer. On the contrary, the facts stand undisputed in the record that his own sub-tenant, Quinn, locked the door for purposes of his own and that defendant could have opened it either by procuring the key or forcing the lock. The conclusion cannot be avoided that defendant seized on the mere fact of finding the door closed as a foundation on which to lay a defense to the enforcement of what was proving to be a burdensome lease. His defense is wholly without merit.

In this view of the case, the question of whether or not the court erred in overruling defendant's motion to strike out parts of the reply is immaterial. The same may be said of other questions argued by counsel. The judgment is for the right party and is affirmed. All concur.