MORRIS STARK, Plaintiff, *v.* KEW GARDENS HILLS HOUSING ASSOCIATES, INC., Defendant.

Supreme Court, Special Term, Queens County, December 12, 1944.

*Morris Stark,* plaintiff in person.

*Herman & Pollack* for defendant.

STEINBRINK, J. Plaintiff moves for summary judgment in this action to recover treble damages by reason of the defendant's demand for rent in an amount allegedly in excess of that permitted by the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*) and the regulations made thereunder.

The complaint alleges that the plaintiff occupies an apartment in premises owned by the defendant; that the said premises are located within the New York City defense-rental area, and that the maximum rental fixed for the said apartment by the Office of Price Administration is $67.85 per month; that the defendant demanded the sum of $395.78 as rental for the said apartment for the month of August, 1944, or an excess of $327.93 over the amount as fixed; that a summary proceeding to recover the sum of $397.78 was instituted by the defendant herein and resulted in a determination that only the sum of $67.85 was payable for the month in question and that the assertion of the aforesaid demand in the manner described constituted a violation of the statute (Emergency Price Control Act of 1942, § 205, subd. [e]; U. S. Code, tit. 50, Appendix, § 925, subd. [e]) and renders defendant liable thereunder for the payment of treble damages as well as reasonable attorney's fees. The answer denies the material allegations of the complaint.

In the summary proceeding to which plaintiff refers, the so-called excess rental consisted of a claim for expenses incurred, including counsel fees, in the maintenance of five separate summary proceedings which the defendant herein was obliged to institute to enforce collection of successive rentals as they fell due. The claim was asserted pursuant to a provision of the lease which gave the landlord the right to treat as additional rent sums expended, including attorney's fees, '' in instituting, prosecuting and/or defending any action or proceeding instituted by reason of any default of Tenant hereunder, * * *,''

The claim was rejected by the trial court solely on the theory that since it was enforcible at the time the prior proceedings were begun, it should have then been asserted.

In demanding payment of these items the defendant was not asking for any rent in excess of that fixed by the Office of Price Administration. The Office of Price Administration merely fixed the occupational value of the premises. Its determination in that respect could in no sense be regarded as taking from the defendant its right under the lease to be reimbursed for expenses incurred by reason of the plaintiff's default. The expenses so incurred have nothing to do with the occupational value of the premises. By the terms of the lease the defendant might treat them as rent, but only for the purpose of enforcing their payment.

Furthermore, a mere demand for payment of rent in excess of that fixed by the Office of Price Administration does not create a cause of action for treble damages under the statute, for until the excess has been paid no damages have been suffered.

The motion is accordingly denied, with ten dollars costs to the defendant.