EMANUEL J. MATKOWSKY et al., Landlords, *v.* SAMUEL KATZ, Tenant.

City Court of the City of Long Beach, January 17, 1945.

*Louis A. Friedman* for landlords.

*Maurice R. Whitebook, Chief Attorney (Nelson K. Scherer, Branch Attorney, Nassau-Suffolk Rent Office,* of counsel), for the Office of Price Administration, New York City Defense-Rental Area.

*Samuel Katz,* defendant in person.

ZIMMERMAN, J. I find that the tenant Samuel Katz is the proper party to be named as tenant in this proceeding. He is the person named in the lease; he is the person who has been paying most of the monthly payments of rent; he is the person who, in October, 1944, held himself out to be the tenant and notified the landlord that he intended to quit the premises before November 1, 1944.

I find that prior to the commencement of this proceeding, the tenant tendered to the landlord the sum of $54.50 in cash, and that the maximum rent fixed by the Office of Price Administration for the month of January, 1945, was $54.50.

The only question, therefore, is whether the amount of that tender was or was not proper in view of section 229 of the Real Property Law of the State of New York, which provides that a tenant who does not vacate after notice to quit, becomes liable for double rent.

The obligation to pay double rent under the State law is one which was incurred by the tenant when he failed to quit the premises before the first day of November, 1944. Every obligation incurred by a tenant who occupies space, in my opinion, comes within the restrictions of the Rent Regulation for Housing in the New York City Defense-Rental Area (8 Fed. Reg. 13914), made pursuant to the Emergency Price Control Act of 1942, as amended. The Office of Price Administration has promulgated rent regulations pursuant to the authorization of that act, and under subdivision (a) of section 2 of said Rent Regulation, there is a prohibition against demanding or receiving any rent in excess of the maximum rent provided by the Regulation, regardless of any obligation entered into between the landlord and the tenant. I am of the opinion that any obligation entered into voluntarily or by operation of the State law is included within these restrictions. If the Office of Price Administration has the power to deny a landlord an increase of rent provided for in an agreement between the landlord and the tenant, it certainly has the right to deny the landlord an increase of rent provided for by operation of law. Any other determination would enable the landlord to obtain an increase in rent by a method which he could not

otherwise enforce because of the restrictions of the Office of Price Administration's regulations. Any other determination would annul and make useless the provision of the Rent Regulation which prohibits the tenant from waiving any of his rights (§ 1, subd. [d]). By incurring an obligation for increased rent under the Real Property Law, the tenant could, if such law were considered immune from the restrictions of the Office of Price Administration's regulations, indirectly be permitted to waive the benefits of the Office of Price Administration's regulations, and so violate the Rent Regulation.

The cases cited by the attorney for the Nassau-Suffolk Rent Office, appearing on behalf of the Office of Price Administration as *amicus curiæ*, are in accord with this decision. The State of New Jersey and the State of Florida, having similar State statutes, have restricted the application of those statutes in rent enforcement cases (*Ricci* v. *Claire*, N. J. Dist. Ct., 1st Jud. Dist., Hudson Co., Aug. 23, 1943; 1 O. P. A. Opinions & Decisions 1989; *Collins* v. *Ford*, Fla. Civ. Ct. of Record, Dade Co., Aug. 2, 1944; 2 O. P. A. Opinions & Decisions 5053). My attention has been called to the decision of Judge STEINBRINK in *Stark* v. *Kew Gardens Hills Housing Associates* (183 Misc. 650). I do not think that the case is applicable, for the reason that the remedy sought in that case was the recovery of treble damages, and not the removal of a tenant by summary proceedings. It does not hold that in a summary proceeding the tenant may be removed for a failure to pay counsel fees as additional rent pursuant to an agreement of the parties.

Under the circumstances, the decision in this case must be in favor of the tenant; since the tenant does not appear by counsel, a final order will be prepared and drawn by the court in accordance with this decision.

Let a copy of this decision be prepared and be sent to the attorney for the landlords and the attorney for the Office of Price Administration.