R. C. SLOAN ET AL. v. ETTA HART ET AL.

(Filed 17 March, 1909.)

1. **Lessor and Lessee—Covenant Implied—Entry—Rights and Remedies.**

    By entering into a contract of lease, to commence at a fixed future time, the lessor impliedly covenants with the lessee that the latter shall then have the premises open to his entry.

2. **Same—Trespasser.**

    An implied covenant of entry in a lease of lands does not extend beyond the future time fixed for the lessee to commence, and has no application to the trespass thereafter of a stranger or one who takes possession of and holds the leased premises after the time fixed for the lessee to take possession.

3. **Lessor and Lessee—Covenant Implied—Entry—Breach of Covenant—Rights and Remedies—Damages.**

Upon the breach of an implied covenant that the lessee of lands shall at a fixed time have the premises open to his entry, arising from the holding over of a tenant in possession, the lessee is under no obligation to maintain an action for possession against such tenant, but may recover damages of the lessor.

4. **Same—Entire Damages.**

The entire damages arising from a breach of an implied covenant that the leased lands should be open to the entry of the lessee at the fixed future time should be recovered in one and the same action.

5. **Lessor and Lessee—Contracts, Breach of—Cause of Action, When Arising.**

Upon the failure of a lessor to put the lessee in possession, in breach of his contract of lease, the injury immediately ensues, and the cause of action arises without the necessity of tender by the lessee of the rent.

6. **Same—Measure of Damages.**

The measure of damages for a breach of an implied covenant in a lease, that the leased land should be open to the entry of the lessee at a future time specified, is the difference between the rent agreed upon and the market value of the term, plus any special damages alleged and proved as may reasonably be supposed to have been in the contemplation of the parties at the time the contract was made.

7. **Lessor and Lessee—Breach of Covenant—Pleadings—Proof.**

In order to recover special damages arising out of a breach of contract, they must be both pleaded and proved.

ACTION tried before *Lyon, J.,* and a jury, at October Term, 1908, of NEW HANOVER, to recover damages for breach of a lease contract entered into between plaintiffs and the defendant.

The court submitted these issues:

1. "Were the plaintiffs injured by the breach by defendants of their contract, as alleged in the complaint?

2. "What damages, if any, are plaintiffs entitled to recover?

3. "Did the defendants have the right to rent the stores to the plaintiffs according to the lease offered in evidence?"

The jury answered the first issue "Yes," the second issue "$373.31," and the third issue "No."

From the judgment rendered the defendants appealed.

The facts are stated in the opinion of the Court.

*Robert Ruark* for plaintiffs.
*E. K. Bryan* for defendants.

BROWN, J.   The admitted facts are that on 18 May, 1906, the defendants, through their agent, leased in writing to plaintiffs two stores, 19 and 21 South Front Street, in the city of Wilmington, the term to begin 1 October, 1906, and expire 30 September, 1909, at a rental of $66.66⅔ per month, payable in advance.   The premises had been theretofore leased to Josh Simon, whose term expired 30 September, 1906, but in his lease are these words: "It is further agreed that the owner or agents will have the right to place rent cards, 'For Rent,' on front of the house thirty days before the expiration of this lease, provided I do not agree to hold this property for another year." Simon refused to vacate on 1 October, and defendants endeavored to eject him by proceedings before a justice of the peace. Being unsuccessful, they appealed to the Superior Court, where the cause is now pending.   The plaintiffs rented other stores, and bring this action to recover damages.   The court charged the jury that it was the duty of the defendants to put the plaintiffs in possession on the date fixed for the beginning of the term, to which defendants excepted.

1. It is unnecessary to consider *seriatim* the many assignments of error, as we are of opinion that upon the admitted facts the plaintiffs are entitled to recover actual damages, and that a new trial is necessary upon that issue for error in the charge.

The appeal presents a question which has never been decided before in this State and upon which the courts of other States have differed materially in their judgments, and which is tersely expressed in the very able brief of the learned counsel for plaintiffs, as follows: "Did the lessors impliedly covenant with the lessees that the leased premises would be open to entry by the lessees at the date fixed for the beginning of the term?"

All authorities are agreed that if Josh Simon, the prior tenant, held over rightfully under the terms of his lease, the defendants would be liable, for to hold otherwise would be giving to the defendants the benefits of their own wrong.

If defendants' failure to put plaintiffs in possession was caused by a wrongful holding over of the former tenant, then the authorities are in direct conflict.

If there was a finding that the plaintiffs had notice at the date of their lease of the terms of Simon's lease, we might be inclined to the opinion that nothing short of an express covenant to put the plaintiffs in possession at the date agreed would render defendants liable for damages for Simon's failure to vacate.

In the absence of evidence of such notice, and assuming for the purposes of this case only that the holding over of the former tenant is wrongful, we are persuaded by reason and authority to hold that when plaintiffs' lease was executed, on 18 May, the lessors impliedly covenanted to put the plaintiffs in possession on 1 October, and that there has been an admitted breach of that covenant, for which the lessors are liable in actual damages, notwithstanding that they acted in good faith. The leading case which holds that there is no implied covenant on the part of the lessor is the New York case of *Gardner v. Keteltas,* 3 Hill., 330; 38 Amer. Dec., 637. This case, which by some text writers is stated to have declared the "American Rule," has been followed by later decisions of the New York courts. An examination of the case, however, shows that there existed in New York at the time a statute such as does not exist in North Carolina, and the conclusion of the Court appears to have been to some extent based upon that statute. However that may be, the New York case has been followed by respectable courts, without adverting to any peculiar statutory enactments in their respective States.

Investigation and reflection leads us to the conclusion that the decisions by the courts of Great Britain, made as early as 1829, are as well supported by authority and more strongly sustained by reason and abstract justice than is the judgment of the New York Court.

The first of these decisions is summed up with quaint terseness by Baron Vaughan: "The court were all clearly of opinion that he who lets agrees to give possession, and not merely to give a chance of a lawsuit."

SLOAN *v.* HART.

Beginning with that case of *Coe v. Clay,* 15 Eng. Com. Law Reports, 492, what is known as the "English Rule" was announced—that is, that in the absence of express provision in the lease, the lessor impliedly covenants with the lessee that the premises shall be open to entry by the lessee at the time fixed for the beginning of the term. This case has been followed by cases of *Jenks v. Edwards,* 11 Exch., 775; *Hertzberg v. Reisenbach,* 64 Tex., 262; *L'Hussier v. Zallee,* 24 Mo., 13; *Reiger v. Weltes,* 110 Mo. App., 173; 84 S. W., 1136; *Hughes v. Hood,* 50 Mo., 350; *King v. Reynolds,* 67 Ala., 229; 42 Am. Rep., 107; *Vincent v. Defield,* 98 Mich., 84; 56 N. W., 1104; *Cohen v. Norton,* 57 Conn., 480; 5 L. R. A., 572; *Herpolsheimer v. Christopher,* a Nebraska case; 9 L. R. A. (N. S.), 1127, and *Huntington v. Parsons,* W. Va., 9 L. R. A. (N. S.), 1130.

The theory of the New York Court is that if the lessee is prevented from taking possession by a tenant wrongfully holding over it is not the duty of the landlord to oust the wrongdoer, because the right to possession at the end of the outstanding term is in the lessee and not in the lessor, and that, therefore, when the landlord has given the tenant the right to possession he has done all the law should require him to do as against third persons not claiming under prior and superior rights derived from him. *Gardner v. Keteltas, supra.*

This decision has been followed in the States of New Hampshire, Maryland, Vermont, Illinois and Pennsylvania.

The theory of the English courts, and those of this country following their decisions, is that when a lease is made, the beginning of which is fixed at some future date, it is within the contemplation of the parties and a part of their understanding, without which the lease would not have been made, that when the time comes for the lessee to take possession, according to the lease, the lessor shall have the premises open to the entry of the lessee, and that the latter is not liable for rent until he is afforded an opportunity to enter, and is under no obligation to maintain an action against a tenant holding over to recover possession.

This is the ruling of the courts of Missouri, Alabama, Indiana, Michigan, California, Arkansas, Nebraska and Texas. The

150—18

English rule appears to us to be better founded in reason and more consonant with good conscience, sound principle and fair dealing.

It is unnecessary to discuss the reasons *pro* and *con,* since they are fully given in the opinions of the several courts cited. The implied covenant referred to, however, does not extend beyond the time when the lease is to commence. If, after the time when the lessee is entitled to have the possession, according to the terms of the lease, a stranger trespass on or take possession of and hold the leased premises, that is a wrong done to the lessee, for which the lessor cannot be held responsible. *King v. Reynolds,* 67 Ala., 233.

2. We come now to consider the question, what damages are the plaintiffs entitled to recover? The entire damages, whatever they may be, for the breach of the implied covenant are to be recovered in this action, for a recovery in this will bar any future action. In that respect it differs from those cases wherein the servant sues the master for his wages when he has been wrongfully discharged in violation of his contract of employment. Then the servant may wait until the contract period has expired and sue for the whole amount, or he can bring repeated actions on each wage as it falls due under the contract. *Jarrett v. Self,* 90 N. C., 478; *Smith v. Lumber Co.,* 140 N. C., 377.

The failure to put the lessee in possession was one single act of omission which constituted a breach of the contract of lease and excuses him from tendering the rent. Therefore the damage is susceptible of immediate assessment, as the lapse of time is not necessary to develop it. It is a principle in the law of contracts, as well as torts, that where the right of a party is once violated the injury immediately ensues and the cause of action arises. The recovery will then embrace such legal damages as may be recovered for the breach. In its application to a tort the rule is very clearly stated in *Mast v. Sapp,* 140 N. C., 533.

In assessing damages in cases of this character the principle of *Hadley v. Baxendale,* 9 Exch., 341, is upheld by the Supreme Court of Connecticut, as well as by the other courts that have passed on the question. This excludes the assessment of specu-

lative or consequential damages, and confines the recovery to such actual damages as may be reasonably supposed to have been within the contemplation of the parties at the time the contract was made. The measure of damages appears settled by practically all the authorities to be the difference between the rent agreed upon and the market value of the term, plus any special damages alleged and proved. *Cohen v. Norton,* 57 Conn.; *Herpolsheimer v. Christopher, supra.* In these cases practically all the precedents are collected.

For purpose of illustration only, we note that there is some evidence that the stores leased were worth in the market $100 per month. If that fact be established, the plaintiffs would be entitled to recover the present value of the difference between the rent they contracted to pay and the rent at $100 per month for the full term of the lease.

By rental value is meant, not the probable profits that might accrue to the plaintiffs, but the value, as ascertained by proof, of what the premises would rent for, or by evidence of other facts from which the fair rental value may be determined.

The learned counsel for defendants properly conceded this rule to be correct, but excepts to the charge of the court as to special damage because there is no special damage proven.

In this particular the judge below erred. Such special damage as may have been reasonably within the contemplation of the parties are allowed in this class of cases, but they must be both pleaded and proven before the court can submit them to the consideration of the jury.

They are required to be pleaded, so as to give notice of the character of plaintiff's claim, and they must be proven as pleaded. *Herpolsheimer v. Christopher, supra.* There is no allegation in the complaint of any special damage, and no evidence to support the claim. His Honor therefore erred in submitting the question of such damages to the jury.

For this error we award a new trial upon the second issue.

Partial New Trial.

Let each party pay his own costs of the appeal, including cost of printing, and the remainder of costs of appeal is to be equally divided.