### H. T. MARTIN v. W. F. CLEGG.

(Filed 19 November, 1913.)

**Landlord and Tenant—Ejectment—Reasonable Value—Evidence.**

> The plaintiff in ejectment is entitled to recover a fair rental value from the defendant holding over after his breach of the contract in failing to pay the stipulated rent, after notice to vacate the premises; and upon the question of this reasonable value it is competent for the defendant to show that a part of the premises had for a long time remained vacant, that it is not readily rented or in much demand.

APPEAL by defendant from *Peebles, J.,* at February Term, 1913, of GUILFORD.

Civil action tried upon these issues:

1. What sum, if anything, is the plaintiff entitled to recover of the defendant on account of rents as stipulated in the contract? Answer: $2,563.56.

2. Did the defendant commit a breach of his contract by failure to pay rents, as agreed in the contract? Answer: Yes.

3. If so, what sum, if anything, is the plaintiff entitled to recover of the defendant, by way of damages for wrongful detention of the premises in controversy? Answer: Nothing.

4. Did the defendant, by his conduct and delay for six years or thereabout, waive the penalty stipulated in the contract? Answer: Yes.

5. If not, what sum, if anything, is the defendant entitled to recover of the plaintiff, on account of the penalty, $20 per month, stipulated in the contract? Answer: Nothing.

6. Did the defendant, before breach of his contract, install in Martin's building radiation, as alleged? Answer: No.

The defendant accepted and appealed from the judgment rendered.

*King & Kimball for plaintiff.*
*A. L. Brooks for defendant.*

BROWN, J. This action is brought to recover the possession of certain property known as Clegg's Hotel in the city of Greensboro.

On 29 October, 1909, defendant was served by the sheriff with a written notice by the plaintiff, to vacate the premises, for neglect, after due notice, to make payments of rent as stipulated: Defendant, in consequence of this notice, refusing to vacate, but continuing in possession, action was instituted in the Superior Court on 28 August, 1911, to eject the defendant and to recover damages for his holding over.

There are twenty-nine assignments of error, but it is necessary to consider only the fifteenth, sixteenth, and seventeenth.

These assignments show error upon the part of the court, because, as stated in the brief of defendant, "after he had opened the door, and permitted plaintiff to show what the reasonable rental of the property was from July, 1909, to 1 January, 1913, declined to permit the defendant to testify with relation to the location of the place, and that it was so situated that you could not always keep it rented, and that there was not always a continuous demand for the stores, and that, in fact, for about three years of the time one of the stores was not rented."

This extract from the brief is borne out by the record.

Defendant was sworn as a witness in his own behalf, and upon the question as to the actual rental value of the property after October, 1909, his counsel asked him how much the storeroom was vacant, and he answered "Three years." This was excluded.

The witness was then asked:

Q. Is it a place where you can always keep it rented?

Objection by plaintiff. Sustained. Exception by defendant. And again:

Q. Is there a demand for that store continuously at that rental?

Objection by plaintiff. Objection sustained. Defendant excepts.

The court charged the jury: "If you do not find that he had forfeited his contract, had broken the contract, why then the plaintiff would be entitled to recover simply the stipulated price, $92.51 a month. But if you are satisfied by the greater

163—34

weight of evidence that the defendant had broken his contract by not paying the rent, then from that time after he was notified and held over, the plaintiff would be entitled to recover what was a reasonable rental value of the property. To get at that, you will have to take the evidence of the witnesses, together with the stipulated price; that is some evidence of what it was worth; but it is not binding."

Again, at the request of the plaintiff, the court charged: "The court charges you that if you shall find that the defendant committed a breach of his contract, as alleged, then the plaintiff would be entitled to recover from the time of such breach the fair market value of the premises, as you may find the same to be from the evidence, and by its greater weight."

There is no doubt the jury well understood that after October, 1909, when the notice to vacate was served, that, in assessing the rents, they were not to be confined to that stipulated in the contract of lease, but were permitted to consider under the first issue what was the fair rental value of the property.

The rule is recently stated by this Court in *Sloan v. Hart,* 150 N. C., 275, as follows: "By rental value is meant, not the probable profits that might accrue to plaintiffs, but the value as ascertained by proof of what the premises would rent for, or by evidence of other facts from which the fair rental value may be determined."

The testimony rejected, that defendant was unable to find occupants for the storerooms for three years; that the place is one not readily rented and not much in demand, is very pertinent upon the fair rental value of the property.

The plaintiff was permitted to testify: "That the fair rental value of the premises from 1 November, 1909, to 1 January, 1913, over and above the rental stipulated in the lease, is $1,529.64."

Why the defendant should be prohibited from proving that the rental value since 1 November, 1909, is much less than claimed by the plaintiff, we are unable to see.

The court erred in excluding such evidence upon the part of the defendant.

New trial.