Plaintiff appeals in the cause, insisting for error that the court should have ruled that on a wrongful holding over the defendant was liable for $150 monthly rental, as a matter of law, and this by reason of the notice given and the stipulations of the contract, that she reserved the right to raise the rent at any time, and that if any of the rent was not paid, though no demand was made, that defendant would surrender the premises on three days notice, etc.
There are authorities to the effect that where a landlord, in proper time before termination of lease, notifies the tenant that if he continues to occupy longer it shall be at a rental specified, and the tenant, after such notice received, holds over without demur or protest, there will be an obligation to pay the higher rental as specified. 2 McAdam, Landlord and Tenant (3 ed.), sec. 279. But this we apprehend is on the ground of acquiescence, and from which an implied contract to pay the higher rental could be reasonably inferred. It may be that such a principle might be extended to a case where a tenant, after such a notice given, withholds possession wantonly without any fair and reasonable belief in his right, though on this supposition we make no present decision. It is ordinarily true that the obligation to pay rent must arise out of contract, express or implied, and we are very well assured that on the facts of this record defendant may not be held to a rental of $150 as a matter of law merely on plaintiff's notice that such an amount would be insisted on after the stipulated date, it appearing that defendant (105) withheld possession under claim of right and with evidence on his part tending to show that by a contract subsequent to the principal lease and in consideration of valuable improvements, plaintiff had agreed that defendant's possession should not be disturbed within the year, which had not expired, and no witness having so far testified that the fair rental value would exceed $60 per month. On the record, plaintiff has established no contract, express or implied, for a greater rental than the fair and reasonable value of the property, and his Honor correctly held that in case a wrongful withholding should be established this should be the measure of plaintiff's recovery. Martin v. Clegg, 163 N.C. 528;DeYoung v. Buchanan, 10 Gill Johnson 149. *Page 111 
There is no error, and on question presented on plaintiff's appeal, the judgment is affirmed.
No error.
Cited: In re Ricks, 189 N.C. 188; Richardson v. Satterwhite,203 N.C. 117; Deitz v. Bolch, 209 N.C. 206; King v. King,225 N.C. 641; Bath v. Norman, 226 N.C. 505; Dobias v. White,239 N.C. 415; S. v. Barley, 240 N.C. 255; Bailey v. McGill,246 N.C. 298.