STATE OF NORTH CAROLINA v. RAVENSFORD LUMBER
COMPANY ET AL.

(Filed 26 June, 1935.)

**1. Judgments M a—Judgment held to have adjudicated all claims of respondent in land condemned, and to preclude subsequent motions in the cause in respect thereto.**

Judgment was entered in proceedings in eminent domain that upon payment by petitioner of the sum of money stipulated in the judgment title to the lands should *eo instanti* pass to petitioner, free from all adverse claims, liens, and encumbrances, and by later paragraph the judgment stipulated that the items of taxes, insurance, and maintenance incurred *pendente lite* were expressly reserved to be later passed upon by the court. Thereafter petitioner paid the sum stipulated into court

and respondent accepted said sum. *Held:* Upon the payment and accept-
ance of the stipulated sum the provision of the judgment that petitioner
acquire the land free from all claims, liens, and encumbrances immedi-
ately took effect, and the reservation in the judgment in conflict therewith
was void, and the court was thereafter without jurisdiction to hear a
motion in the cause requesting that respondent be restrained from further
claiming any amounts from petitioner for the items attempted to be
reserved in the judgment, and respondent's cross-petition asking that
said amounts be determined and awarded, since the ·former cannot be
regarded as an action to remove cloud from title, not the latter as a
suit upon the judgment.

2. **Appeal and Error A a—**

When the lower court has no jurisdiction of motions made in the cause
after judgment, the orders of the court upon such motions do not deter-
mine the rights of the parties, nor can such rights be adjudicated in the
Supreme Court upon appeal.

PETITION by respondent Ravensford Lumber Company to rehear this
case, reported in 207 N. C., 47, 175 S. E., 713.

This was a special proceeding, instituted under authority of ch. 48,
Public Laws 1927, to condemn lands for park and recreational purposes
in the Great Smoky Mountains of North Carolina. The jury of view
made its award, from which the respondent appealed to the Superior
Court, where the issue of damages was tried *de novo* before a jury at
the November Special Term, 1933, Cowper, Special Judge, presiding.

Judgment was duly entered upon the verdict, it being provided in
paragraph five of said judgment that "upon the payment into court by
the petitioner of the sum of money aforesaid," the title to the lands
described in the petition "shall *eo instanti* pass to and vest in the peti-
tioner, . . . free and discharged of and from all adverse claims,
liens, and encumbrances whatsoever, and the respondent and all other
persons . . . are forever barred from claiming or asserting any
manner of estate or interest in said lands, either legal or equitable,
whatsoever"; and further, in paragraph seven, "that the items of taxes,
insurance, and maintenance," incurred *pendente lite,* "are hereby ex-
pressly reserved to be hereafter passed upon and determined by the
court."

Both sides gave notice of appeal from this judgment, but subsequently
abandoned said appeals. On 30 April, 1934, the petitioner paid into
court the amount of the award according to the terms of the judgment,
which was accepted by the respondents.

Thereafter, at the May Term, 1934, the petitioner lodged a motion
to have the court restrain the respondents from further claiming any
amounts from petitioner for the items attempted to be reserved in the
judgment. The respondent filed a counter-petition, and asked that the
said amounts be determined and awarded. Whereupon, the court found

certain facts from "the record of the trial of this cause at the Special October-November Term, 1933, of the Superior Court of Buncombe County," and granted the prayer of the petitioner. Respondent appeals, assigning error.

*Winborne & Proctor and Johnston & Horner for petitioner.*
*Jones & Ward and Johnson, Rollins & Uzzell for respondents.*

STACY, C. J. The parties have assumed that by reason of the attempted reservation in paragraph seven of the final judgment entered at the November Special Term, 1933, the court retained jurisdiction to dispose of said alleged reserved matters by motion or subsequent petition in the cause. *Moses v. Morganton,* 195 N. C., 92, 141 S. E., 484; 34 C. J., 825. The assumption is a *non sequitur. Sloan v. Hart,* 150 N. C., 269, 63 S. E., 1037.

In the first place, the attempted reservation is in direct conflict with paragraph five of the judgment, which became immediately operative upon acceptance by the respondents of the moneys paid under the judgment, and thereby cut off any supposed reservation.

Secondly, the court was without authority to entertain either the motion of the petitioner or the counter-petition of the respondent. The former cannot be regarded as an action to remove cloud from title, nor the latter as a suit upon the judgment.

No rights were determined by the proceedings upon said motion and counter-petition, and none can be adjudicated here. The appeal will again be dismissed.

Petition allowed.