### N. J. McGUINN AND WIFE, MARY P. McGUINN, v. J. A. McLAIN.

(Filed 17 December, 1945.)

**1. Ejectment § 1—**

The fact that a landlord may obtain permission from the Rent Control Office of the O.P.A. to institute an action under the local law for the possession of his property, does not release the property from the provisions of the Emergency Price Control Act of 1942, Title 50, U.S.C.A. App., sec. 901, *et seq.*

**2. Ejectment § 7—**

The rental value of the premises in controversy in this action was fixed by the Rent Control Office, and local statutes, S. L. 1945, ch. 796, amending G. S., 42-32, authorizing the collection of double rents or other damages for withholding the premises after notice to quit, cannot exceed the maximum rent fixed by the Office of Price Administration under the Emergency Price Control Act of 1942.

**3. Same—**

Ordinarily when a tenant holds over after the expiration of his lease or a tenant from month to month refuses to quit after notice, the landlord is entitled to recover, as damages for the wrongful withholding of the premises, the fair rental value of the property. The measure of damages is the difference between the rent agreed upon and the market value of the term, plus any special damages alleged and proved. Rental value is what the premises would rent for, or it may be determined by other evidence.

**4. Same—**

As long as the Rent Control Act is effective in a particular locality, a landlord who owns rental property therein and subject to the provisions of the Act, cannot assert under the local law any right in conflict with the Act.

**5. Same—**

Any difficulty encountered by defendant, in an ejectment proceeding, in obtaining other suitable living quarters is not sufficient under the Rent Control Act to defeat the right of plaintiffs to recover possession of their property for their own use and occupancy.

APPEAL by plaintiffs and defendant from *Phillips, J.,* at June Term, 1945, of MECKLENBURG.

This is a proceeding in summary ejectment under the Landlord and Tenant Act, begun before a justice of the peace and heard on appeal in the Superior Court. The pertinent parts of the agreed statement of facts are as follows:

"The defendant rented the property at 932 Henley Place, in Charlotte, North Carolina, on July 8, 1942, from month to month, at the rate of $65.00 per month, payable in advance, on or before the 10th day of each month.

"The plaintiffs purchased the property occupied by the defendant on 1 February, 1945; that the plaintiffs petitioned the O.P.A. Rent Control Office for possession of the property, and were given permission to bring suit for the same on or after 15 May, 1945, of which petition the defendant had due notice.

"That on 7 April, 1945, the plaintiffs, through their attorney, gave due and proper notice to the defendant to vacate the premises on 6 May, 1945, which notice was duly received by the defendant.

"The defendant did not vacate on 6 May, 1945, and on 16 May, 1945, the plaintiffs commenced their action.

"That the proceedings before the Rent Control Office and the notice to the defendant were in due and proper form."

Plaintiffs tendered the following issues, and those submitted to the jury were answered as set forth below:

"1. Are the plaintiffs entitled to immediate possession of the property known as 932 Henley Place, Charlotte, N. C.? Answer: Yes.

"2. What sum are the plaintiffs entitled to recover for rent for the said premises? Answer: $93.16.

"3. Was the detention of said premises by the defendant wrongful and was their appeal without merit and taken for the purpose of delay?

"4. What sum, if any, are the plaintiffs entitled to recover as damages for the wrongful detention of the said premises? Answer: $258.92."

The court declined to submit the third issue, and the plaintiffs excepted. On the question of damages on the fourth issue, for the wrongful detention of the premises, the court permitted N. J. McGuinn, one of the plaintiffs, to testify, over the objection of the defendant, as to certain expenses incurred by him, from 9 May, 1945, the date he was required to vacate the house formerly occupied by him and his family, until the date of the trial. He testified as to the cost of room and board at the Selwyn Hotel, the cost of crating, hauling and storing his furniture, the expense of keeping a cat and dog at a kennel, and testified that his living expenses would have been only $4.00 per day if he had been permitted to occupy his own home, thereby showing a loss or damages of $258.92.

Judgment predicated on the verdict was entered, and the plaintiffs and defendant appealed, assigning error.

*John James for plaintiffs.*
*Wm. H. Abernathy for defendant.*

Denny, J. On the plaintiffs' appeal we must determine whether or not the court committed error in refusing to submit the third issue. While on the defendant's appeal we must determine whether or not there was error in submitting the fourth issue on the question of damages.

It is admitted that the plaintiffs, after purchasing the property occupied by the defendant and his family, proceeded in accordance with the Rules and Regulations issued pursuant to the Rent Control provisions of the Emergency Price Control Act of 1942, and the amendments thereto. Title 50, U.S.C.A. App., sec. 901, *et seq.* It further appears that the plaintiffs are, in good faith, seeking to gain possession of the property for their own personal use and occupancy. The defendant offered no defense to this action other than his inability to find a suitable house in which to move.

### Plaintiffs' Appeal.

The plaintiffs insist that the third issue should have been submitted in view of the provisions of chapter 796, Session Laws of 1945, amending G. S., 42-32, as follows: "On appeal to the superior court, the jury trying issues joined shall assess the damages of the plaintiff for the detention of his possession to the time of the trial in that court; and, if the jury finds that the detention was wrongful and that the appeal was without merit and taken for the purpose of delay, the plaintiff, in addition to any other damages allowed, shall be entitled to double the amount of rent in arrears, or which may have accrued, to the time of trial in the superior court. Judgment for the rent in arrears and for the damages assessed may, on motion, be rendered against the sureties to the appeal."

The property sought to be recovered is in the City of Charlotte, within a Rent Control Area, and is subject to the provisions of the Emergency Price Control Act and the Rules and Regulations issued pursuant thereto. The purpose of rent control is to make certain that landlords will collect only fair and reasonable rents for properties within the controlled area, which are occupied by tenants as living quarters. And the fact that a landlord may obtain permission from the Rent Control Office of the O.P.A. to institute an action under the local law for the possession of his property, does not release the property from the provisions of the Emergency Price Control Act. The rental value of the premises in controversy in this action was fixed by the Rent Control Office at $65.00 per month, and local statutes authorizing the collection of double rents or other damages for withholding the premises after notice to quit, cannot

exceed the maximum rent fixed by the Office of Price Administration. *Matskowsky, et al., v. Katz,* 53 N. Y. S., 2nd, 430, 184 Misc., 60. The States of New Jersey and Florida, having similar statutes, have restricted the application of these statutes in rent enforcement cases. *Ricci v. Claire* (N. J.), O.P.A. Opinions and Decisions, Vol. 1, p. 1989; *Collins v. Ford* (Fla.), O.P.A. Opinions and Decisions, Vol. II, p. 5053. See also *Myers v. H. L. Rust Co.,* 134 Fed., 2nd, 417; *Cannon v. Gordon,* 48 N. Y. S., 2nd, 124. Ordinarily when a tenant holds over after the expiration of his lease or a tenant from month to month refuses to quit after notice, the landlord is entitled to recover as damages for the wrongful withholding of the premises, the fair rental value of the property. This Court said in *Sloan v. Hart,* 150 N. C., 269, 63 S. E., 1037: "The measure of damages appears settled by practically all the authorities to be the difference between the rent agreed upon and the market value of the term, plus any special damages alleged and proved. . . . By rental value is meant . . . what the premises would rent for, or by evidence of other facts from which the rental value may be determined." *Martin v. Clegg,* 163 N. C., 528, 79 S. E., 1105; *Credle v. Ayers,* 126 N. C., 11, 35 S. E., 128. But, so long as the Rent Control Act is effective in a particular locality, a landlord who owns rental property therein and subject to the provisions of the Act, cannot assert under the local law any right in conflict with said Act. *Concord Estates v. Burke,* 50 N. Y. S., 2nd, 635; *Schwartz v. Trajer Realty Corp.,* 56 F. Supp., 930; *Cannon v. Gordon, supra; Myers v. H. L. Rust Co., supra.* Hence, the measure of plaintiffs' damages is the rental value of the premises as fixed by the Office of Price Administration. These plaintiffs are entitled to the immediate possession of their property, but the court properly refused to submit the third issue set out herein.

## DEFENDANT'S APPEAL.

In view of the disposition made of the plaintiffs' appeal, and for the reasons stated therein, the exceptions noted to the plaintiffs' evidence on the question of damages submitted on the fourth issue, must be sustained.

The defendant asserted no legal defense to this action. The difficulty he may encounter in obtaining suitable living quarters is not sufficient to defeat the right of the plaintiffs to recover possession of their property for their own use and occupancy. *Bauer v. Neuzil,* 152 P., 2nd, 47; *Jones v. Shields,* 146 P., 2nd, 735; *Gould v. Butler,* 31 A., 2nd, 867; *New York Housing Authority v. Awant,* 54 N. Y. S., 2nd, 571; *New York Housing Authority v. Curington,* 50 N. Y. S., 2nd, 445. The plaintiffs, however, are only entitled to recover the rent as determined under the second issue and the immediate possession of the property as

set forth in the first issue.  Except as modified herein, the defendant's appeal is affirmed.

Plaintiffs' appeal, affirmed.

Defendant's appeal, modified and affirmed.