Donald M. Kruse and Dorothy Kruse, Appellees, v. Donald Ballsmith and Dorothy Ballsmith, Appellants. Gen. No. 10,151.

Opinion filed September 26, 1947. Released for publication October 29, 1947.

THEODORE N. SCHNELL and BEN RIFKEN, both of Elgin, for appellants; THEODORE N. SCHNELL, of Elgin, of counsel.

WALTER W. GEISTER, JR., WILLIAM T. MEYERS, and JAMES A. POWERS, all of Elgin, for appellees; WALTER W. GEISTER, JR., WILLIAM T. MEYERS, and JAMES A. POWERS, all of Elgin, of counsel.

MR. JUSTICE BRISTOW delivered the opinion of the court.

This is an appeal by defendants Donald Ballsmith and Dorothy Ballsmith from a judgment of the circuit court of Kane county awarding double rental to plaintiffs, Donald M. Kruse and Dorothy Kruse, in an action for possession under the Forcible Entry and Detainer Act.

The facts appearing from the record indicate that on October 22, 1945, plaintiffs purchased a house for their own use, in which defendants were residing under a month to month tenancy created by an oral arrangement with the prior owners, at a rental of $35 per month.

Plaintiffs notified defendants of their intention and need to occupy the house for themselves and their infant daughter, and defendants apparently agreed to move as soon as possible. Thereafter, plaintiffs informed defendants of an available vacant house, which defendants rejected because of the small size of one of the bedrooms. Defendants, however, deny the availability of the house recommended.

On November 28, 1945, plaintiffs, who were still out of possession of their house, served defendants with an Office of Price Administration notice which, in substance, authorized plaintiff, Donald M. Kruse, to pursue his remedies for eviction of the tenant "in accordance with the requirements of local law," after six months.

During the intervening six months defendants continued to occupy plaintiffs' house at the same rental, and there is some controverted evidence about defendants' rejection of other available houses rec-

ommended by plaintiffs. Plaintiffs, meanwhile, had been required to vacate their quarters, and had to store their furniture and live for the ensuing months with their infant child in a 9 by 12 foot frame shack containing a laundry stove, some chairs, and a table, located in a tourist camp.

On April 29, 1946, plaintiffs served defendants with the 30-day notice of termination of tenancy required by the Illinois statute to terminate month to month tenancies, and informed defendants that they must vacate the premises by June 1, 1946, which was fully six months after the date of the Office of Price Administration certificate, and in full compliance therewith.

Defendants, however, did not vacate the premises by June 1, and on June 3, plaintiffs filed a complaint for possession and for June rent under the Forcible Entry and Detainer statute. On the basis of the evidence adduced at the hearing, the justice of the peace adjudged that plaintiffs were entitled to possession and costs.

Defendants appealed from this order to the circuit court, where they entered their appearance and demanded a jury trial. The case was set for trial at the September term. Pending the appeal, defendants continued to occupy plaintiffs' house, and on September 29, 1946, two days before the scheduled hearing in the circuit court, and over 11 months after plaintiffs purchased their house, defendants surrendered possession thereof.

At the trial on October 1, 1946, of which defendants and their counsel were properly notified, defendants did not appear, and the court proceeded with an *ex parte* hearing before the jury, which defendants had originally demanded.

The jury found that defendants wilfully and wrongfully withheld possession from plaintiffs, and, therefore, it entered a verdict for double the rent accruing

between June and October in the amount of $280, as authorized by sec. 2 of the Landlord and Tenant Act. (Sec. 2; ch. 80, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 72.02].) The circuit court entered judgment thereon, and on October 11, 1946, defendants moved to vacate the judgment on the ground that plaintiffs' attorney had agreed that judgment for possession only would be entered, and that if defendants surrendered possession by September 30, the suit would be dismissed. Defendants urged further that the judgment for double rent was contrary to the regulations issued by the Office of Price Administration.

The circuit court denied defendants' motion to vacate the judgment, and defendants appeal therefrom to this court.

The issues presented by this controversy are twofold: First, whether defendants' appeal was prosecuted within the time authorized by the applicable Illinois statutes; and secondly, whether the order of the circuit court awarding plaintiffs double rent was in accordance with a proper interpretation of the law.

This proceeding was instituted under the Forcible Entry and Detainer Act (ch. 57, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 109.263 *et seq.*]) which is specifically excluded from the operation of the Civil Practice Act. (Sec. 1, ch. 110, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 104.001].) By amendment, however, the provisions of the Civil Practice Act are made applicable to matters not covered by the Forcible Entry and Detainer Act, and not inconsistent therewith. (Sec. 11, ch. 57, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 109.271].) Section 19 of the Forcible Entry and Detainer Act prescribes the mode for perfecting appeals under this remedy, and provides that the appeal bond and notice of an appeal from a judgment of the circuit court must be filed within five days from the rendition of judgment under the Forcible Entry and Detainer Act. These requirements have

been deemed to be controlling and jurisdictional, and appeals perfected after the five days have been dismissed, notwithstanding the fact that they were taken within the time authorized by the Civil Practice Act. (*Gholston v. Terrell*, 292 Ill. App. 192; *Saxton v. Curley*, 112 Ill. App. 450; *Strauss v. Acme Screen, Shade & Sash Co.*, 307 Ill. App. 236; *Prasnikar v. Harmeling*, 329 Ill. App. 341.)

This interpretation is legally sound, inasmuch as the purpose of the Forcible Entry and Detainer Act is to afford a summary remedy in which the rights of the parties may be speedily determined, and a delayed appeal would be inconsistent therewith.

■ In the instant case the judgment of the circuit court was entered on October 1, 1946, and the motion to vacate the judgment was denied on October 11. However, the order fixing the amount of the appeal bond was not entered until October 18, and the notice of appeal was not filed until October 30.

Under the Forcible Entry and Detainer Act, the time for filing the notice of appeal expired five days after October 1, the date of the judgment, or at the latest, five days after October 11, and therefore defendants' notice of appeal and bond did not comply with the jurisdictional requirements of the statute.

Defendants seek to obviate this conclusion by reasoning that the order of the circuit court did not involve the matter of possession under the Forcible Entry and Detainer Act, but pertained to rent, and therefore was within the scope of the Civil Practice Act.

■ This contention is untenable. The complaint herein was filed under the Forcible Entry and Detainer Act, and the facts alleged therein, *i. e.*, that defendants retained possession of property owned by plaintiffs after proper notice of termination of the tenancy, and authorization for eviction by the rent director of the Office of Price Administration, clearly

come within the purport of that statute. Section 5 thereof, as amended in 1937, specifically provides that claims for rent may be joined in such a complaint, and that a judgment may be obtained for the amount of the rent due.

There is no denial that defendants owed plaintiffs for the rent accruing from June 1946, when the complaint was filed, through September 1946, when the defendants surrendered possession. The nature and appropriateness of the remedy did not suddenly change simply because, two days before the hearing in the circuit court, defendants finally vacated the premises in favor of the rightful owners. The fact that it was not necessary at the date of the hearing for the circuit court to order defendants to surrender possession in addition to ordering the payment of rent did not transform the proceeding instituted under the Forcible Entry and Detainer Act into a hearing under the Civil Practice Act.

It is the opinion of this court, therefore, that the defendants' appeal from the circuit court was not taken in accordance with the provisions of the Forcible Entry and Detainer Act, and should properly be dismissed.

However, even if this court were to conclude that this appeal was filed in sufficient time, and to consider the merits of the cause in order to effect a more complete review, defendants' appeal cannot be sustained.

Defendants contend that the order of the circuit court awarding plaintiffs double rent was contrary to the Emergency Price Control Act of 1942 (50 USCA 901–902) and therefore beyond the jurisdiction of that court and void.

A judgment is void where the court is without jurisdiction of the parties or without jurisdiction of the subject matter. In the instant cause, the court undeniably had jurisdiction of the parties, since both

plaintiffs and defendants filed their appearances in the circuit court through their respective attorneys. The court had jurisdiction of the subject matter since a circuit court is authorized to entertain proceedings under the Forcible Entry and Detainer Act, and to interpret the regulations issued under the Emergency Price Control Act. The rent regulations promulgated under that statute cannot and were not designed to modify the jurisdiction of the circuit court, but merely constitute additional rules of law which that court must apply, and a decision inconsistent with those regulations would, at most, render the decision erroneous. (*Putterman v. Miller* (Conn.), 48 A. (2d) 235.)

It is apparent, therefore, that the award of double rent by the circuit court, even if it were contrary to the rent regulations would not be void, but, at most, erroneous and subject to review.

There have been no decisions by the Illinois courts respecting the validity and propriety of an award for double rent under the O.P.A. regulations, and, therefore, this cause must be considered as one of first impression. Although the decisions of other jurisdictions in matter of the interpretation of State and Federal law are not binding upon this court, they warrant analysis.

The North Carolina case of *McGuinn v. McLain,* 225 N. C. 750, 36 S. E. (2d) 377, is apparently the only reported case involving facts comparable to those of the cause at bar. Plaintiff therein purchased a house for his own use, obtained permission from the O.P.A. to sue the occupants for possession after a designated period of time, and after due and proper notice to vacate, instituted proceedings to evict the tenant. An award was entered for possession and for rent and damages—expenses incidental to storage, for which defendant would have been liable under the local statutes pertaining to wrongful detention. On

appeal the court held that the fact that a landlord may obtain permission from the Rent Control Office to institute an action under local law does not release the property from the Emergency Price Control Act, and statutes authorizing the collection of double rent or other damages for the withholding of premises cannot exceed the maximum rent fixed by the O.P.A.

The court cited several cases, relied upon by defendants herein, in support of this conclusion, but a careful scrutiny of each of these decisions reveals that in none of them did the landlord seek and procure the permission of the O.P.A. before instituting proceedings for possession and for double rent.

In *Matkowsky v. Katz,* 184 Misc. 60, 53 N.Y.S. (2d) 430, the tenant, after notifying the landlord that he intended to vacate the premises, changed his mind and tendered his rent, and the landlord brought suit for double rent authorized under those circumstances by the terms of the New York Real Property Law. The court held that the imposition of double rent under those conditions was inconsistent with the O.P.A. regulations, since the tenant, by incurring the obligation under the Real Estate Law would indirectly be permitted to waive the benefits of rent regulations.

Neither *Ricci v. Claire,* 21 N. J. Misc. 266, 33 A. (2d) 591; nor *Myers v. H. L. Rust Co.,* 134 F. (2d) 417; nor *Cannon v. Gordon,* 181 Misc. 950, 48 N. Y. S. (2d) 124; nor *Concord Estates, Inc. v. Burke,* 50 N. Y. S. (2d) 635, involved facts where the landlord complied with the rent regulations prior to instituting suit. In fact, the issue of double rent was not involved in the *Myers* case, nor in the *Cannon* or *Concord* cases, *supra,* and the facts were in no way analogous to the case at bar.

It would appear, therefore, that the decision of the North Carolina court is unique, and contrary to the prevailing opinion obtaining in other courts, that

where the rent director of the O.P.A. issues a certificate permitting a landlord to bring eviction proceedings, and it appears that the landlord has complied therewith, the general provisions of the rent regulations become inapplicable, and the landlord may proceed under local laws as if the Emergency Price Control Act and the regulations promulgated thereunder were not in effect. (*816 Fifth Ave., Inc. v. Leonard,* 67 N. Y. S. (2d) 386; *New York City Housing Authority v. Curington,* 181 Misc. 955, 50 N. Y. S. (2d) 445; *Whitman v. Curtin* (R. I.), 51 A. (2d) 185.)

In the *Whitman* case, *supra,* the Rhode Island court stated at p. 187:

"That finding (that the eviction of the tenant is not inconsistent with the purposes of the rent regulations issued under the Emergency Price Control Act) removes the defendant from the protection of federal law, and leaves the state law to operate in connection with the tenancy as though the federal law did not exist."

This interpretation is consistent with the purposes of the rent control regulations, and with the terms of the certificate issued by the rent director of the O. P. A.

It is recognized that the regulations governing maximum rent, and the removal of tenants were promulgated for the benefit of the tenant, but it is equally well established that the exception applicable where an owner seeks in good faith to recover possession of his dwelling for himself, was incorporated primarily for the owner's benefit. (*Nofree v. Leonard,* 327 Ill. App. 143.)

Clearly, where an owner, entitled to possession of his own property for his own use seeks redress from the O. P. A., obtains a certificate from the rent director to evict the tenant, and fully complies therewith, he has fulfilled all the requirements of the

Emergency Price Control Act. Under those circumstances, invoking the local law authorizing double rent where the tenant wilfully withholds possession, would in no way violate the rent regulations, or be inconsistent therewith; for it is the tenant, then, who is disregarding provisions designed for the protection of owners who need their own property.

The Act authorizes treble damages in favor of a tenant where an owner has violated the rent regulations, but no similar remedy is authorized where a tenant wilfully deprives an owner of the use of his home. Therefore, to prohibit an owner, authorized by the O. P. A. to proceed under local law to secure possession of his property, from invoking the double rent statute would be an abuse and perversion of the purposes of the rent regulations.

In the instant case the certificate obtained by plaintiff Donald M. Kruse recited that the eviction or removal of the tenant is not inconsistent with the purposes of the Emergency Price Control Act, or the rent regulations issued thereunder. It further authorized Kruse to pursue his remedies for the eviction of the tenant "in accordance with the requirements of local law," subject to the condition that action to remove the tenant shall not be commenced before six months from the date of the petition for the certificate. Inasmuch as the certificate was dated November 28, 1945, and no action against defendants was commenced until June 1, 1946, plaintiffs complied fully with the conditions in the certificate, and with the regulations of the O. P. A. They were entitled, therefore, to proceed under the local laws as if the Emergency Price Control Act and the rent regulations were not in effect.

Under the Illinois statutes, plaintiffs were entitled to possession, for they had given defendants the 30-day notice of termination applicable to month-to-month tenancies. (Sec. 6, ch. 80, Ill. Rev. Stats.

[Jones Ill. Stats. Ann. 72.06].) Plaintiffs were likewise entitled to the benefits afforded by the statutory provisions authorizing double rent where the tenant wilfully withholds possession after the termination of the tenancy. (Sec. 2, ch. 80, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 72.02].)

The retention of possession after the termination of a lease because of alleged inability to secure other premises has been held to be a wilful holding over warranting the recovery of double rent as provided under sec. 2 of the Landlord and Tenant Act. (*Grand Union Tea Co. v. Hanna,* 164 Ill. App. 570.)

In the instant case plaintiffs purchased their house on October 22, 1945, and informed defendants of their immediate need for possession. When defendants did not vacate the premises, plaintiffs sought redress from the O. P. A., and were authorized to institute proceedings for eviction six months after Nov. 28, 1945. They commenced their action for possession under the Forcible Entry and Detainer Act on June 1, 1946, and the justice of the peace entered an order for possession on June 3. Defendants nevertheless retained possession of plaintiffs' house throughout the summer and instituted a spurious appeal. Plaintiffs meanwhile had been required to move from their original quarters, had to store their furniture and live with the infant child in a 9 by 12 foot frame shack which contained a laundry stove, some chairs and a table, located in a tourist camp. Clearly these facts and circumstances constitute a basis from which the jury might reasonably have inferred that defendants wilfully withheld possession of plaintiffs' property in violation of the Illinois statute and of the O. P. A. rent regulations.

Inasmuch as an award for rent is specifically authorized under the Forcible Entry and Detainer Act, an order for double rent where the facts indicate that such an additional sum is due, is clearly

in accordance with the terms of the statute. More-
over, since the primary issue in a forcible detainer
proceeding is plaintiffs' right to possession, the nature
and circumstances surrounding defendants' retention
of possession are relevant inquiries. To hold that
plaintiff is entitled to possession and to rent in a trial
under the Forcible Entry and Detainer Act, and then
to relegate to another proceeding the issue of whether
plaintiffs are entitled to double rent—a matter aris-
ing out of and involving precisely the same facts—
would not only be inconsistent with the forcible de-
tainer statute but would result in needless multiplicity
of litigation.

It is the opinion of this court, therefore, that
the judgment of the circuit court entered on the ver-
dict of the jury awarding plaintiffs double rent was in
accordance with a proper interpretation of the Illinois
statutes and was in no way inconsistent with or viola-
tive of the Emergency Price Control Act. The judg-
ment should, therefore, be affirmed.

*Judgment affirmed.*