THOMAS E. BRICKHOUSE, Plaintiff v. MARGIE H. BRICKHOUSE, Defendant

No. 921SC504

(Filed 15 June 1993)

1. **Wills § 3.1 (NCI3d)— attesting witness—showing of intention not required**

   There is no requirement in N.C.G.S. § 31-3.3 or elsewhere in the law that the attesting witness must "intend" to witness the will of the testator.

   **Am Jur 2d, Wills § 267.**

2. **Wills § 3.1 (NCI3d)— attesting witness—witnessing of signature at place different from other witnesses—witness not precluded from being attesting witness**

   The fact that an attesting witness witnessed testator's mark and signed the will in a location different from the other two witnesses did not preclude the witness from being considered an attesting witness, since evidence that the testator made his mark in the presence of the witnesses was sufficient evidence from which to infer that the testator requested the witnesses to attest the testator's signature.

   **Am Jur 2d, Wills § 315.**

3. **Landlord and Tenant § 86 (NCI4th)— rent increase—tenant holding over—failure to pay rent—fair rental value**

   Evidence was sufficient to support the trial court's award of $10,500 to defendant as back rent for the period that plaintiff was in possession of the disputed property where the evidence tended to show that plaintiff paid $300 monthly rent to testator

until testator died; defendant, to whom testator devised the property in his will, sent plaintiff a letter stating that the rent would go up to $400 per month; plaintiff continued to retain possession of the property; defendant testified that $400 was the fair market rental value of the property; and plaintiff failed to present any evidence to contradict defendant's valuation.

**Am Jur 2d, Landlord and Tenant §§ 521 et seq.**

Appeal by plaintiff from judgment entered by Judge Napoleon B. Barefoot in Camden County Superior Court. Heard in the Court of Appeals 16 April 1993.

The facts of this case are detailed in a prior decision of this Court, *Brickhouse v. Brickhouse*, 104 N.C. App. 69, 407 S.E.2d 607 (1991), which remanded the case "to have the trial court consider the issue of whether Lucy B. Carr qualified as an attesting witness under N.C.G.S. 31-3.3 . . . [in further proceedings in which] the trial court may consider the affidavit that was filed with the record of this case and should determine whether it should be admitted into evidence." *Id.* at 74, 407 S.E.2d at 611. Upon remand, the trial court entered the following judgment in favor of defendant on 13 February 1992:

FINDINGS OF FACT

1. The Plaintiff [Thomas E. Brickhouse, son of testator] is a citizen and resident of the Camden County, State of North Carolina;

2. The Defendant [Margie H. Brickhouse, wife of testator] is a citizen and resident of the Commonwealth of Virginia;

3. The decedent, Thomas E. Brickhouse, Sr., died testate in the Commonwealth of Virginia on August 18, 1989;

4. On the date of his death, Thomas E. Brickhouse, Sr. was a citizen and resident of the Commonwealth of Virginia and lawfully married to the Defendant, Margie H. Brickhouse;

5. The Last Will and Testament of Thomas E. Brickhouse, Sr. was executed on July 21, 1989 and executed in full compliance with the statutory requirements of the Commonwealth of Virginia;

6. Article Two of the decedent's Last Will and Testament reads as follows:

"I give and devise my Texaco Service Station located in South Mills, North Carolina, to include the real estate and any personal property which I have at my death used in connection with the service station to my wife, Margie H. Brickhouse, for the terms [sic] of her life, or until she remarries. At the death of the said Margie H. Brickhouse, or at the time she remarries, the said real property and any remaining personal property used in connection with the service station is to pass to Thomas E. Brickhouse, Jr."

7. Article Three of the decedent's Last Will and Testament reads as follows:

"All the rest, residue and remainder of my property, real and personal, tangible and intangible, wheresoever situate and howsoever held, herein referred to as my Residuary Estate, I give, devise and bequeath to my wife, Margie H. Brickhouse, if she survives me, to the express exclusion of any child of mine now living or hereafter born, but if my wife predeceases me, then I give, devise and bequeath my Residuary Estate to Thomas E. Brickhouse, Jr. Should both Margie H. Brickhouse and Thomas E. Brickhouse, Jr. predecease me, then I devise and bequeath my Residuary Estate to the children of Thomas E. Brickhouse, Jr., share and share alike."

8. Thomas E. Brickhouse, Sr. placed "his mark" on his Last Will and Testament instead of his actual signature;

9. Lucy B. Carr was a witness to "the mark" of Thomas Edward Brickhouse (Sr.) and signed his name beside the "mark" of the testator, Thomas E. Brickhouse, Sr., and was accordingly, a witness to the Last Will and Testament of Thomas E. Brickhouse, Sr.

10. The Last Will and Testament of Thomas E. Brickhouse, Sr. was also witnessed by G. Blair Harry and Margie Brickhouse.

11. G. Blair Harry and Lucy B. Carr were disinterested witnesses to the Last Will and Testament of Thomas E. Brickhouse, Sr.

12. The Last Will and Testament was duly notarized by Lucy B. Carr on July 21, 1989. That the notary acknowledgment reads as follows:

"Before me, the undersigned authority, on this day personally appeared Thomas Edward Brickhouse, G. Blair Harry and Margie Brickhouse, known to me to be the testator and the witnesses, respectively, whose names are signed to the attached or foregoing instrument and, all of these persons being by me first duly sworn, Thomas Edward Brickhouse, the testator, declared to me and to the witnesses in my presence that said instrument is his Last Will and Testament and that he had willingly signed or directed another to sign the same for him and executed it in the presence of said witnesses as his free and voluntary act for the purposes therein expressed; that said witnesses stated before me that the foregoing Will was executed and acknowledged by the testator as his Last Will and Testament in the presence of said witnesses who, in his presence and at his request, and in the presence of each other, did subscribe their names thereto as attesting witnesses on the day of the date of said Will, and that the testator, at the time of the execution of said Will, was over the age of eighteen years and of sound and disposing mind and memory."

13. The Last Will and Testament of Thomas E. Brickhouse, Sr. was duly probated on August 28, 1989 in the Circuit Court for the City of Suffolk, Commonwealth of Virginia;

14. An exemplified copy of the Last Will and Testament of Thomas E. Brickhouse was duly recorded in the Office of the Clerk of Superior Court of Camden County on September 12, 1989, and recorded in File Number 89-E-52;

15. The Clerk of Superior Court of Camden County entered a Certificate of Probate dated September 12, 1989, which certificate was attached to the Last Will and Testament of Thomas E. Brickhouse, Sr. and said certificate reads as follows:

"A paper-writing dated as indicated above, purporting to be the Last Will and Testament or codicil thereto of the above named deceased has been exhibited before me. Sufficient proof of the due execution thereof has been

taken as set forth in the accompanying affidavits which are incorporated and made a part hereof;

It is Adjudged that the paper writing and every part thereof is the Last Will and Testament or codicil thereto of the deceased, and the same is ordered admitted to probate."

16. Lucy B. Carr and G. Blair Harry executed an Affidavit of Subscribing Witness for Probate of Will dated August 31, 1990, which reads as follows:

I, the undersigned affiant, being first duly sworn, say that:

1. I signed the paper-writing referred to above as a subscribing witness;

2. The deceased, in my presence, signed the paper-writing, or acknowledged his signature thereto, and that at such time declared the paper-writing to be his Last Will and Testament.

3. At the request and in the presence of the deceased, I signed the paper-writing as an attesting witness; and

4. In my opinion the deceased was, at the time the will was executed or at the time the execution was acknowledged, of sound mind and disposing memory, of full age to execute a will, and was not under any restraint to my knowledge, information or belief.

17. At the date of his death, Thomas E. Brickhouse, Sr. was the owner of certain real property located in South Mills Township, Camden County, North Carolina, upon which is situate a Texaco Service Station . . .

18. At the time of the death of Thomas E. Brickhouse, Sr., he was survived by his wife, Margie H. Brickhouse, the Defendant herein, and his only son, Thomas E. Brickhouse, Jr., the Plaintiff herein;

19. At the time of the death of Thomas E. Brickhouse, Sr., the real property and Texaco service station was rented to testator's son, Thomas E. Brickhouse, Jr., the plaintiff herein, on a monthly basis, for a monthly rental of $300.00 per month. The last rental payment made by the plaintiff to the defendant was on or about September 17, 1989, approximately one month

after the date of [testator's] death. The Defendant advised the Plaintiff that beginning January 1, 1990, the monthly rental would increase to $400.00 per month. The Defendant has requested that the Plaintiff remove himself from the premises but the Plaintiff has wilfully refused to do so. The Plaintiff is in default under the terms of the oral tenancy due to his failure to pay rent in a timely manner. Under the terms of the oral tenancy, the amount of accrued but unpaid rental as of the date of this trial is $10,500.00.

Based upon the foregoing FINDINGS OF FACT, the Court makes the following

CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Lucy B. Carr was a competent and an attesting witness to the Last Will and Testament of Thomas E. Brickhouse, Sr. as provided by N.C.G.S. 31-3.3. Additionally, Lucy B. Carr had no interest in the Last Will and Testament of Thomas E. Brickhouse, Sr.

3. G. Blair Harry was a competent and an attesting witness to the Last Will and Testament of Thomas E. Brickhouse, Sr. as provided by G.S. Sect. 31-3.3. Additionally, G. Blair Harry had no interest in the Last Will and Testament of Thomas E. Brickhouse, Sr.

4. The Last Will and Testament of Thomas E. Brickhouse, Sr. was duly probated in the Commonwealth of Virginia.

5. The Last Will and Testament of Thomas E. Brickhouse, Sr. was duly proven and allowed in the Commonwealth of Virginia and a copy of the will and of the proceedings had in connection with the probate there, duly certified, authenticated by the Clerk of the Circuit Court of the City of Suffolk, were filed with the Clerk of Superior Court of Camden County on September 12, 1989, as provided by G.S. Sect. 31-27.

6. The Last Will and Testament of Thomas E. Brickhouse, Sr. was executed in accordance with the laws of the State of North Carolina, appearing affirmatively from the testimony

of G. Blair Harry, Lucy B. Carr and Margie H. Brickhouse, as provided by G.S. Sect. 31-27.

7. The devise by the testator, Thomas E. Brickhouse, Sr., of the life estate to the Defendant, Margie H. Brickhouse, in the real property described herein above is valid.

8. The Plaintiff is indebted to the Defendant in the sum of $10,500.00 representing the accrued but unpaid rental.

Now, THEREFORE, based upon the foregoing Findings of Fact and Conclusions of Law, IT IS ORDERED, ADJUDGED AND DECREED that the Defendant has a valid life estate in the real property described hereinabove along with the improvements thereto, that the Defendant is entitled to recover the sum of $10,500.00 together with prejudgment interest accruing on each monthly rental payment, and the Defendant shall be placed in immediate possession of the real property described hereinabove. The costs of this action shall be taxed to the Plaintiff.

*John W. Halstead, Jr., for plaintiff-appellant.*

*Twiford, Morrison, O'Neal & Vincent, by Branch W. Vincent, III, for defendant-appellee.*

EAGLES, Judge.

Plaintiff argues that the trial court erred because there was insufficient evidence that Lucy B. Carr was a competent attesting witness "since her only purpose at the time of subscribing the will was to be a witness to the testator's mark and to take the acknowledgement of the testator and two subscribing witnesses." In addition to noting that Carr witnessed the testator's mark on two different occasions, defendant argues that this is a self-proving will and that from the self-proving "acknowledgement taken by Carr and her testimony at trial, it is clear that she was in fact a third attesting witness in that she witnessed the same acts as did Margie Brickhouse and G. Blair Harry as required by G.S. 31-3.3."

G.S. 31-3.3 provides:

(a) An attested written will is a written will signed by the testator and attested by at least two competent witnesses as provided by this section.

BRICKHOUSE v. BRICKHOUSE

[110 N.C. App. 560 (1993)]

(b) The testator must, with intent to sign the will, do so by signing the will himself or by having someone else in the testator's presence and at his direction sign the testator's name thereon.

(c) The testator must signify to the attesting witnesses that the instrument is his instrument by signing it in their presence or by acknowledging to them his signature previously affixed thereto, either of which may be done before the attesting witnesses separately.

(d) The attesting witnesses must sign the will in the presence of the testator but need not sign in the presence of each other.

[1] Plaintiff argues that the attesting witness must "intend" to witness the will of the testator and that Ms. Carr did not have this intent when she witnessed the testator's mark. However, our research has failed to reveal this type of "intent" requirement in G.S. 31-3.3 or elsewhere in the law. We note that, unlike other states, there is no provision in our statutes requiring the testator to publish his or her will to the attesting witnesses. *See* N. Wiggins, 1 *Wills and Administration of Estates in North Carolina*, § 90 (2nd Ed. 1983).

[2] The fact that Ms. Carr witnessed the testator's mark and signed the will in a location different from the other two witnesses does not preclude Ms. Carr, on this record, from being considered an attesting witness. *In Re Will of Williams*, 234 N.C. 228, 66 S.E.2d 902 (1951). Evidence that the testator made his mark in the presence of the witnesses is sufficient to infer that the testator requested the witnesses to attest the testator's signature. *In re Will Of King*, 80 N.C. App. 471, 476, 342 S.E.2d 394, 397, *disc. review denied*, 317 N.C. 704, 347 S.E.2d 43 (1986); *In Re Will of Kelly*, 206 N.C. 551, 174 S.E. 453 (1934). Here, Ms. Carr testified and stated in her affidavit that she was a witness to the testator's mark at the request of the testator, who declared the document to be his will. Ms. Carr further testified:

... [H]e [testator] was lying in a hospital bed with the bed raised some. Mr. Harry [testator's attorney] said hello to him and told him why we were there, read the papers to him, every word of them and asked him if that was what he wanted and Mr. Brickhouse [testator] said, yes, it was.

BRICKHOUSE v. BRICKHOUSE

[110 N.C. App. 560 (1993)]

> Mr. Harry said do you want us to be your witnesses and he said—I was there to witness all their signatures and he said, yes. And he said, but I cannot write my name. I'm too weak. The bed was raised a little higher so he was more in a sitting position. Mr. Harry told him that that was all right he could make an "X" mark and I would witness his "X" mark for him.

> The papers were handed to him with a pen. He made his "X" mark on all three documents and they were handed to me. I witnessed his "X" mark on all the documents.

Based on the record before us, we conclude that the trial court did not err in finding that Ms. Carr was an attesting witness. This assignment of error fails.

[3]    Next, plaintiff argues that there was insufficient evidence to support the trial court's award of $10,500.00 to defendant as back rent for the period that plaintiff was in possession of the property. We disagree.

In *Cotton v. Stanley*, 86 N.C. App. 534, 539, 358 S.E.2d 692, 695, *disc. rev. denied*, 321 N.C. 296, 362 S.E.2d 779 (1987) this Court stated:

> The fair rental value of property may be determined "by proof of what the premises would rent for in the open market, *or* by evidence of other facts from which the fair rental value of the premises may be determined." *Brewington v. Loughran*, 183 N.C. 55[8], 565, 112 S.E. 257, 260 (1922) (emphasis added); *Sloan v. Hart*, 150 N.C. 269, 275, 63 S.E. 1037, 1039 (1909). . . . The rent agreed upon by the parties when entering into the lease is some evidence of the property's "as warranted" fair rental value, *but it is not binding. See Martin v. Clegg*, 163 N.C. 528, 530, 79 S.E. 1105, 1106 (1913).

> . . . A party is not required to put on direct evidence to show fair rental value. *Accord, Martin v. Clegg*, 163 N.C. 528, 79 S.E. 1105.

(Emphasis added.) Here, the evidence showed that plaintiff paid $300.00 monthly rent to the testator until the testator died. After the testator died, the record shows that defendant sent plaintiff a letter stating that the rent would be $400.00 per month beginning on 1 January 1990. Thereafter, plaintiff continued to retain posses-

sion of the property. Defendant testified that $400.00 was the fair market rental value of the property. Plaintiff failed to present any evidence to contradict defendant's valuation. Accordingly, this assignment of error fails.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

Judges WYNN and JOHN concur.