Chicago Housing Authority, Appellee, v. James Frank, Appellant.

Gen. No. 44,483.

Opinion filed November 1, 1948. Released for publication November 16, 1948.

AUGUSTUS L. WILLIAMS, of Chicago, for appellant.

EDWARD J. FRUCHTMAN, Chicago Housing Authority, for appellees.

MR. JUSTICE TUOHY delivered the opinion of the court.

Plaintiff filed its statement of claim in the municipal court of Chicago seeking to recover possession of premises occupied by defendant in Ida B. Wells Homes, a low-rent housing project operated by plaintiff in the City of Chicago. There was a trial before a jury which returned a verdict for plaintiff on January 23, 1948. On the same date judgment was entered on the verdict. On January 26, 1948, defendant filed a motion for new trial and on the same date an order was entered denying the motion. On January 28, 1948, defendant filed an appeal bond, but no notice of appeal was filed until February 5, 1948. On March 1, 1948, plaintiff moved the trial court to dismiss the purported appeal to the Supreme Court and to strike the notice of appeal from the docket on the ground that defendant had failed to perfect his appeal by not filing notice of appeal within

the statutory period, which motion was allowed on March 11, 1948. On the same day defendant filed a notice of appeal to this court complaining of the trial court's order dismissing the attempted appeal to the Supreme Court and also of the trial court's order denying defendant's motion for new trial.

Three questions are considered on the appeal: (1) was the notice of appeal to the Supreme Court filed in apt time; (2) did the trial court have jurisdiction to dismiss the appeal after the filing of a notice of appeal; and (3) was the notice of appeal to this court filed March 11, 1948 from the motion for a new trial made January 26, 1948 in apt time.

It appears from the foregoing that the notice of appeal to the Supreme Court was filed ten days after the entry of the judgment complained of. The plaintiff contends that the notice of appeal must be filed as prescribed in the forcible entry and detainer statute within five days from the rendition of the judgment. Defendant contends that bond having been filed within the five-day period, the statute has been complied with if the formal notice of appeal is filed within ten days after the motion for new trial is denied. We find no warrant in the statute to support defendant's position.

Section 1 of the Civil Practice Act (Ill. Rev. Stat. 1947, ch. 110, par. 125 [Jones Ill. Stats. Ann. 104.001]) provides in part as follows:

"The provisions of this Act shall apply to all civil proceedings, both at law and in equity, unless their application is otherwise herein expressly limited, in courts of record, except in . . . forcible entry and detainer . . . or other actions in which the procedure is regulated by special statutes."

Subsection 2 of section 31 of the Civil Practice Act (Ill. Rev. Stat. 1947, ch. 110, par. 155, subd. (2) [Jones Ill. Stats. Ann. 104.031, subd. (2)]) provides:

"Proceedings in attachment, ejectment, eminent domain, forcible entry and detainer, garnishment, habeas corpus, mandamus, ne exeat, quo warranto and re-

plevin, or other actions in which the procedure is regulated by special statutes, shall be in accordance with the statutes dealing therewith."

Section 11 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1947, ch. 57, par. 11 [Jones Ill. Stats. Ann. 109.271]) provides:

"The provisions of the Civil Practice Act . . . shall apply to all proceedings hereunder in courts of record, except as otherwise provided in this Act."

Section 18 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1947, ch. 57, par. 19 [Jones Ill. Stats. Ann. 109.279]) provides:

"If any party shall feel aggrieved by the verdict of the jury or decision of the court, upon any trial had under this Act, such party may have an appeal, to be taken to the same courts, in the same manner, and tried in the same way as appeals are taken and tried in other cases. Provided such party files notice of appeal and bond within five (5) days from the rendition of the judgment, and no writ of restitution shall be issued in any cases until the expiration of said five (5) days. . . ."

The statutes set forth above plainly indicate that the appeal must be governed by the provisions of the forcible entry and detainer statute and that by failing to file notice of appeal within the five-day limit prescribed by that statute, defendant's appeal falls. It is not sufficient, as defendant contends, to merely file a bond, for the statute governing appeals specifically states: ". . . Provided such party files *notice of appeal and bond* within five (5) days from the rendition of the judgment . . . ." (Italics ours.)

In *Veach v. Hendricks,* 278 Ill. App. 376, we held that "the filing of a notice of appeal is jurisdictional . . . and the statute granting such right must be strictly complied with."

On the question as to the trial court's jurisdiction to dismiss the appeal, we are of the opinion that the court retained jurisdiction for such purpose.

While it is generally true that the filing of a notice of appeal in *due time* causes the jurisdiction of the reviewing court to attach immediately and deprives the trial court of further jurisdiction, it is equally well settled that when a party fails to file a notice of appeal as required by law, or files the notice of appeal which is a nullity, the reviewing court will strike the cause from its docket. In the case of *Wishard v. School Directors of Dist. No. 11,* 279 Ill. App. 333, where plaintiff failed to file notice of appeal within the time prescribed by law, the defendant moved in the Appellate Court to dismiss the appeal. The court in that case said (p. 335) : "No appeal has been perfected; there is nothing to dismiss. The order will be that the case be stricken from the docket." If the jurisdiction of the reviewing court does not attach, it follows that the jurisdiction to dismiss the purported appeal must remain in the trial court. In *Lanquist v. Grossman,* 282 Ill. App. 181, where the appellant filed a second notice of appeal, this court said (p. 191) : "The trial court, however, should have sustained defendants' motion to dismiss what purported to be a notice of appeal filed by plaintiff July 17, 1934, because there was no legal sanction for filing same under the act or the rules of court." The trial court did not err in exercising jurisdiction to dismiss the appeal to the Supreme Court.

Defendant in his notice of appeal to this court dated March 11, 1948, seeks to appeal here from the trial court's order of January 26, 1948, denying his motion for a new trial. There is a lapse of 45 days between the date of the order complained of and the notice of appeal therefrom. Defendant's notice of appeal, not being filed within the statutory time, comes too late.

The trial court's order of March 11, 1948, dismissing defendant's appeal to the Supreme Court and striking from the docket defendant's notice of appeal is affirmed. Defendant's notice of appeal to this court

dated March 11, 1948 seeking to appeal from the order of the trial court dated January 26, 1948, denying defendant's motion for a new trial is dismissed.

*Affirmed in part; dismissed in part.*

FEINBERG, P. J., and NIEMEYER, J., concur.