Barbara Ann Long and Donna Janet Long, Appellants,
v. William J. Long, Appellee.

Gen. No. 64–26.

Third District.

September 14, 1964.

Wingard, Schultz & Stradley, of Rock Island (Walter E. Stradley and Robert J. Noe, of counsel), for appellants.

No appearance or briefs filed for appellee.

ROETH, J.

Plaintiffs filed an action in forcible entry and detainer in the Circuit Court of Rock Island County, which was tried by a jury. The jury returned a verdict finding the issues for defendant and against plaintiffs. Judgment was entered on the verdict on March 4, 1964. On March 9, 1964, plaintiffs filed a notice of appeal. The abstract does not reflect the filing of any bond at the time notice of appeal was filed. We have searched the original record, certified to by the clerk as being a full and complete record, and do not find any appeal bond or reference thereto.

In 860 Lake Shore Drive Trust v. Wickham, 18 Ill App2d 184, 151 NE2d 431, plaintiffs filed a suit in forcible entry and detainer against defendants. A trial by jury resulted in a verdict for plaintiffs and

defendants appealed. The trial court set the amount of appeal bond at $100 but no bond was filed. In dismissing the appeal the court said:

"Section 18 of the Forcible Entry and Detainer Act (Ill Rev Stats 1957, c 57, § 19) provides:

"'If any party shall feel aggrieved by the verdict of the jury or decision of the court, upon any trial had under this Act, such party may have an appeal, to be taken to the same courts, in the same manner, and tried in the same way as appeals are taken and tried in other cases. Provided such party files notice of appeal and bond within five (5) days from the rendition of the judgment. . . .'

"Section 11 of the Act provides: 'The provisions of the Civil Practice Act . . . shall apply to all proceedings hereunder in courts of record, except as otherwise provided in this Act.' Under the statute appeals in actions brought under the Forcible Entry and Detainer Act are governed by that Act. The Act provides that the party must file notice of appeal and bond within five days from the rendition of the judgment.

"In Veach v. Hendricks, 278 Ill App 376, it was held that filing of a notice of appeal is jurisdictional. Under the Forcible Entry and Detainer Act in order to confer jurisdiction upon this court it was necessary for the appellants to file both a notice of appeal and a bond within five days from the date of the rendition of the judgment, and without the filing of both a notice of appeal and bond within apt time no appeal has been perfected. Karavidas v. O'Dwyer, 333 Ill App 154."

.   .   .   .   .   .

"Where a reviewing court has not acquired jurisdiction of a case, that jurisdiction cannot be conferred by consent or acquiescence. Wishard v. School Directors, 279 Ill App 333."

In view of the foregoing holding this appeal must be dismissed.

Appeal dismissed.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.