Johnny Bruce Company, a Corporation, Plaintiff-Appellee, v. John H. Fung and Beatrice Y. Fung, Defendants-Appellants.

Gen. No. 11,121.

Fourth District.

May 18, 1970.

Rehearing denied May 18, 1970.

Robert Isham Auler, of Champaign, for appellants.

Thomas, Mulliken & Mamer, of Champaign (Roger E. Haughney, of counsel), for appellee.

JONES, J.

Defendants appeal from a judgment for possession rendered for plaintiff by the Circuit Court in a forcible entry and detainer action.

The defendants in their brief present eleven issues to be reviewed upon appeal, the last of which was whether the Circuit Court erred in refusing to approve or disapprove the supersedeas bond filed by defendants. Apparently with some foundation the defendants complain that errors were made by the court in the entry of one order and that notice was not given of the decision of the court and the entry of another order. The pleadings are prolific. Defendants by this appeal seek to attack the errors and omissions of the court below as well as to question substantive points of law. The plaintiff objects to the appeal upon the grounds that it was not perfected within the time prescribed by law.

In the view we take of this appeal, a compendium of the pleadings will be unnecessary. It is sufficient for our purpose to note that the final judgment of the trial court was entered on February 6, 1969, and all issues before the trial court were disposed of at that time. Defendants were in court and had notice of the entry of the final order and at that same time filed, over plaintiff's objections as to timeliness, their notice of appeal. On the same day, defendants filed their motion to set appeal bond which motion was taken under advisement. On February 7, 1969, the court entered an order fixing the appeal bond in the amount of $3,500 with surety to be approved by the court. The defendants were notified of this order by letter of the Circuit Clerk to the attorney

for defendants dated February 7, 1969. On February 17, 1969, the following letter, written upon the letterhead of a bank in Urbana, Illinois, was filed in the case:

"February 17, 1969
"Our 101st Year

"Honorable Judge Stecyk
"Court House
"Urbana, Illinois 61801

"Re: John H. Fung

"Dear Judge Stecyk:
 "This letter is to confirm that I have in liquid assets $3,500.00 of John H. Fung which is now in a 'hold' situation and will be only released by me only upon receipt of written communication from you.
 "It is my understanding that this asset is to be used as a Surety Bond until a final decision has been made by you.
 "Thank you.

"Respectfully yours,
(Signature)
"Assistant Vice President
"cc: John H. Fung"

Plaintiff's motion for writ of restitution was filed and allowed on February 18, 1969. Defendants' motion for approval of appeal bond was filed and denied on February 20, 1969, because of lack of jurisdiction.

Upon motion of the defendants-appellants, this court, pursuant to Supreme Court Rule 305, entered an order for supersedeas and fixed an appeal bond with appropriate conditions in order to have an opportunity to examine the record of the case. Motions to correct the record and for leave to file excerpts were taken with the case. These motions are granted and the record

398

considered as corrected and the excerpts received and considered.

Section 11 of the Forcible Entry and Detainer Act, (c 57, § 11, Ill Rev Stats 1967), provides:

> "The provisions of the Civil Practice Act, and all existing and future amendments of said Act and modifications thereof, and the rules now or hereafter adopted pursuant to said Act, shall apply to all proceedings hereunder in courts, except as otherwise provided in this Act."

Section 18 of the same Act (section 19 of the Statute) provides:

> "Any party aggrieved by the verdict of the jury or decision of the court upon any trial under this Act may have an appeal, to be taken to the same courts, in the same manner, and tried in the same way as appeals are taken and tried in other cases except that notice of appeal and bond must be filed within 5 days from the rendition of the judgment . . . ."

Under the statute, appeals in actions brought under the Forcible Entry and Detainer Act are governed by that Act which provides that the party must file notice of appeal and bond within 5 days from the rendition of the judgment. These requirements have been deemed to be controlling and jurisdictional, and appeals perfected after the 5 days have been dismissed, notwithstanding the fact that they were taken within the time authorized by the Civil Practice Act. Saxton v. Curley, 112 Ill App 450; Veach v. Hendricks, 278 Ill App 376; Gholston v. Terrell, 292 Ill App 192, 10 NE 2d 868; Prasnikar v. Harmeling, 329 Ill App 341, 68 NE 2d 542; Kruse v. Ballsmith, 332 Ill App 301, 75 NE2d 140; Davis v. Moore, 1 Ill App2d 296, 117 NE2d 587;

Sawyer v. Sholem, 2 Ill App2d 167, 118 NE2d 889; Long v. Long, 51 Ill App2d 401, 201 NE2d 241.

 The appeal bond not having been filed in apt time, this court lacks jurisdiction and the appeal must be dismissed.

 We would further observe that the conditions of the bond upon appeal by the defendant are fixed by section 19 of the Forcible Entry and Detainer Act (Ill Rev Stats 1967, c 57, § 20). The document filed in this case on February 17 upon the letterhead of a bank, above set forth, is wholly insufficient to constitute an appeal bond in a forcible entry and detainer action. We are mindful of cases such as Pierson v. Lawyer, 225 Ill App 400, and Davis v. Moore, 7 Ill App2d 519, 130 NE2d 117, which permit amendment of a deficient appeal bond to conform to the statutory conditions. However, the foregoing document, which we assume was intended to be the appeal bond in this case, is so totally lacking in its purport that it cannot be determined that it is an appeal bond in a forcible entry and detainer action to be susceptible of amendment.

Appeal dismissed.

CRAVEN, P. J. and TRAPP, J., concur.