(Nos. 42882, 42915 cons.—

HAMILTON CORPORATION *et al.*, Appellees, v. JAMES B. ALEXANDER *et al.*, Appellants.

*Opinion filed November 30, 1972.*

SCHAEFER, J., took no part.

MAYER, FRIEDLICH, SPIESS, TIERNEY, BROWN & PLATT, JAMES B. NcNEILL, JENNER & BLOCK, THOMAS P. SULLIVAN, Mc COY, MING & BLACK, WILLIAM R. MING, JR., PATNER & KARAGANIS, MARSHALL PATNER, and THOMAS J. BOODELL, JR., all of Chicago, for appellants.

ARNSTEIN, GLUCK, WEITZENFELD & MINOW, of Chicago, for appellees.

MR. JUSTICE RYAN delivered the opinion of the court:

In *Rosewood Corporation v. Fisher, 46 Ill.2d 249,* this court concluded that consolidation in that case of certain appeals was improvident and did not decide, but held under advisement a number of cases which involved issues relating to the construction and validity of the appeal and bond provisions of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1969, ch. 57, pars. 19 and 20). We now consider those cases.

As in *Rosewood,* the defendants herein purposely defaulted on their contracts for purchase of residence property, and the plaintiffs, the sellers of the property, obtained judgments for possession under the Forcible Entry and Detainer Act. Some defendants filed timely notices of appeal. However, they subsequently suffered dismissal of their appeals by the trial court on motions of plaintiffs because of their failure to file appeal bonds which had been fixed by the trial court. Other defendants failed to file their notices of appeal within the five-day statutory period and their appeals were likewise dismissed. Section 18 of the Act (Ill. Rev. Stat. 1969, ch. 57, par. 19) provides: "*** notice of appeal and bond must be filed within five days from the rendition of the judgment ***." The present appeals have been prosecuted from orders dismissing the appeals.

The two principal contentions of the defendants which we must consider are: First, requiring an appeal bond as a condition precedent to the right to appeal violates the defendants' constitutional right to appeal expressed in sections 5 and 7 of article VI of the constitution of 1870. (See also Ill. Const. (1970), art. VI, sec. 6.) Second, requiring the notice of appeal to be filed within five days in a forcible entry and detainer case while permitting a notice of appeal to be filed within 30 days in other cases (50 Ill.2d R. 303(a)) denies the defendants equal protection of the laws.

Historically, the timely filing of a notice of appeal, as well as the filing of the appeal bond as provided by section 18 of the Act, has been considered jurisdictional. This court, as well as the appellate courts of this State, has dismissed appeals when both the notice of appeal and the appeal bond have not been filed as required by the Act.. *Fairbank v. Streeter, 142 Ill. 226; Kruse v. Ballsmith, 332 Ill. App. 301; Chicago Housing Authority v. Frank, 335 Ill. App. 456; Long v. Long, 51 Ill. App. 2d 401; Johnny Bruce Co. v. Fung, 123 Ill. App. 2d 396.*

Sections 5 and 7 of article VI of the constitution of 1870 and section 6 of article VI of the constitution of 1970 confer upon an aggrieved litigant a constitutional right to an appeal from all final judgments of the trial court. (Braden and Cohn, The Illinois Constitution, an Annotated and Comparative Analysis, p. 346.) Since the adoption in 1962, effective January 1, 1964, of the judicial article of the constitution of 1870 (art. VI), the basis for the right of appellate review in Illinois has been found in the constitution and not in the statutes. We held in *Jack Spring, Inc. v. Little, 50 Ill.2d 351,* that insofar as section 18 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1969, ch. 57, par. 19) requires the filing of an appeal bond as a prerequisite to prosecuting an appeal, it violates section 7 of article VI of the Illinois constitution of 1870 and section 6 of article VI of the Illinois constitution of 1970. The constitutional right of appeal, of course, must be perfected within the procedural framework established by the legislature and the rules of this court. (*People v. Nordstrom, 37 Ill.2d 270.*) However, the legislature may not impose substantive conditions which qualify or restrict the right to appeal conferred by the constitution. (*Cf. People ex rel. Nachman v. Carpentier, 30 Ill.2d 475; Stein v. Howlett, 52 Ill.2d 570.*) We therefore hold that the trial court's dismissal of the appeals due to the failure of the appellants to file appeal bonds in those cases where the appeal bonds set by the court were not

filed was error, and those cases are reversed and the causes remanded to the trial court for further proceedings in conformance with the holding of this court in *Rosewood Corporation v. Fisher, 46 Ill.2d 249.*

In one group of cases consolidated in this appeal, the defendants did not file notices of appeal until more than five days after the entry of the judgments from which they sought to appeal. The defendants contend that the requirement of section 18 of the Forcible Entry and Detainer Act which requires that the notice of appeal be filed within five days after judgment, whereas in other types of cases a notice of appeal may be filed within 30 days (50 Ill.2d R. 303), violates the equal-protection clause of the fourteenth amendment.

The equal-protection clause does not prevent a State from adjusting its legislation to differences in situations. A statute effecting the classifications of persons or objects is not unconstitutional merely because it affects one class and not another, provided that it affects all members of the same class alike; so long as the classification is not arbitrary and is founded upon some substantial difference in circumstances or conditions properly related to the classification. *Thorpe v. Mahin, 43 Ill.2d 36; Department of Business and Economic Development v. Phillips, 43 Ill.2d 28; Edelen v. Hogsett, 44 Ill.2d 215.*

Recently, the United States Supreme Court in *Lindsey v. Normet, 405 U.S. 56, 31 L. Ed. 2d 36, 92 S. Ct. 862,* has considered the provisions of the Oregon Forcible Entry and Wrongful Detainer statute. (Ore. Rev. Stat., sec. 105.105 *et seq.*) The Oregon statute provides for a substantially shorter period of time between service of summons on the defendant and trial in a forcible entry and detainer case than in other cases. The Supreme Court held that there were unique factual and legal characteristics in such cases which justified the special statutory treatment.

Our legislature has acted within its constitutional powers in providing for the rapid and peaceful settlement

of disputes concerning the right to possession of real property. Providing for a shorter period within which to perfect an appeal in such cases constitutes a proper classification and is rationally related to that purpose and thus not repugnant to the equal-protection clause of the fourteenth amendment. (*Lindsey v. Normet*, 405 U.S. 56, at ——, 31 L. Ed. 2d 36, at 50-51, 92 S. Ct. 862, at 873-874.) The speedy adjudication which *Lindsey* found desirable in such cases is likewise justification for the shortened appeal period provided for in our Act. The appeals that were not perfected within five days were properly dismissed.

Some of the plaintiffs-appellees have requested this court to dismiss the 98 cases consolidated in this appeal in which they are involved. It is their position that these cases are now moot because the defendants have either cured their defaults, have been evicted or have voluntarily relinquished possession of the premises. It is impossible for this court to make a determination of the question of mootness based on the record before us. Conceivably, each case will present a different factual situation and events which may have transpired subsequent to the filing of the records in this court may substantially alter the legal effect in each of the cases. The determination of whether there now remain viable issues which must be judicially resolved can best be made in each case by the trial court.

The orders of the circuit court of Cook County dismissing the appeals for failure of defendants to file appeal bonds set by the court are reversed and those causes remanded to the circuit court of Cook County for further proceedings consistent with this opinion.

The orders of the circuit court of Cook County dismissing the appeals for failure of the defendants to file notices of appeal within five days from the rendition of judgment are affirmed.

*Affirmed in part, and reversed
in part and remanded.*

We have also taken with the foregoing cases a motion of still other defendants, against whom judgments of possession were entered in the circuit court, who ask that we reconsider an order wherein we vacated a prior order permitting such defendants to bring appeals to this court. These defendants, however, filed neither notice of appeal nor bond in the trial court, nor did they make an effort to do so. Our order permitting them to file appeals in this court was improvidently entered, and the motion for reconsideration must be denied.

*Motion for reconsideration denied.*

MR. JUSTICE SCHAEFER took no part in the consideration or decision of this case.