OTHA STARKS, Plaintiff-Appellant, v. HENRY D. KLOPFER et al., Defendants-Appellees.

(No. 56600; ▮)

First District (4th Division)—September 26, 1973.

Marshal Patner and Thomas R. Meiters, of Chicago, for appellant.

Lawrence S. Adler, of Chicago, (Harry G. Fins, of counsel,) for the appellees.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

Otha Starks, the plaintiff, entered into an installment contract with Henry and Alice Klopfer for the purchase of a piece of residential real estate located at 1913 Shelby Court in Chicago. Subsequently, Starks intentionally defaulted on the payments due under this contract (See *Rosewood Corp. v. Fisher*, 46 Ill.2d 249), and the Klopfers instituted a proceeding under the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1969, ch. 57) to recover possession of the property. Starks filed an answer in the forcible action in which he raised certain equitable defenses. The trial court struck these defenses and entered a judgment awarding possession to the Klopfers. Starks filed a notice of appeal within the five day period provided by the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1969, ch. 57, par. 19), but did not file the required appeal bond until eight days after the date of judgment. Accordingly, the trial court dismissed his appeal.

Starks then brought an action in chancery in the Circuit Court of Cook County seeking to protect his equitable interests in the property. The trial court dismissed this action on the ground that the same issues had been raised as affirmative defenses in the forcible action and that Starks' failure to perfect an appeal from the adverse judgment in that proceeding had rendered them res judicata. The present appeal followed.

■■ Upon the dismissal of his appeal in the forcible action, Starks prosecuted an appeal to the Illinois Supreme Court. The Supreme Court consolidated his appeal with others filed by installment contract buyers against whom the Circuit Court of Cook County had entered judgments for possession. On April 15, 1970, the Supreme Court handed down its decision in *Rosewood Corp. v. Fisher*, 46 Ill.2d 249, in which it held that equitable defenses such as those raised by Starks were ger-

mane to a proceeding under the Forcible Entry and Detainer Act and reversed the judgments of the Circuit Court of Cook County in all of the consolidated cases in which both a notice of appeal and an appeal bond had been filed within the five day period provided in the Act. As to the other consolidated cases in which these two conditions had not been met, it concluded that consolidation had been improvident and that the cases should be held for further arguments.

As Starks had not filed an appeal bond within the five day period, his appeal was among those held for further argument. However, it is clear from the holding in *Rosewood Corp.* that the trial court erred when it struck the affirmative defenses raised by his answer in the forcible action.

On November 30, 1972, our Supreme Court reached a decision on the remainder of the consolidated cases in *Hamilton Corp. v. Alexander*, 53 Ill.2d 175. It held the appeal bond provisions of the Forcible Entry and Detainer Act unconstitutional and reversed the dismissals of the appeals in all of the consolidated cases in which a notice of appeal, but not an appeal bond, was filed within the five day period. This included Starks' appeal in the forcible action.

■■ In view of the decisions in *Rosewood Corp.* and *Hamilton Corp.*, we believe that the res judicata effect, if any, of the forcible action upon the subsequent chancery action has been vitiated and that it was error for the trial court to have dismissed the chancery action. Therefore the order of the Circuit Court of Cook County dismissing cause number 71 ch 435 is reversed.

In the *Hamilton Corp.* opinion the Supreme Court noted that "[c]onceivably, each [of the consolidated cases] will present a different factual situation and events which may have transpired subsequent to the filing of the records in this court may substantially alter the legal effect in each of the cases. The determination of whether there now remain viable issues which must be judicially resolved can best be made in each case by the trial court." (53 Ill.2d at 180.) In the present case the defendants have stated in their brief that during the pendency of this appeal the premises in question have been demolished. Under these circumstances the cause must be remanded to the trial court for a hearing on Starks' claims for a declaration of title, restitution and damages.

Reversed and remanded with directions.

ADESKO and DIERINGER, JJ., concur.