*In re* ESTATE OF ROBERT H. BINGHAM.—(BEATE BINGHAM, Ex'r of the Estate of Robert H. Bingham, Deceased, Plaintiff-Appellant, *v.* LUTHERAN GENERAL & DEACONESS HOSPITALS, d/b/a Lutheran General Hospital *et al.*, Defendants-Appellees.)

(No. 61393;

First District (3rd Division)—December 4, 1975.

Arthur M. Gorov and Robert D. Michaels, both of Berkson, Gorov & Levin, of Chicago, for appellant.

John C. Langhenry, Jr., and Stanley J. Davidson, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellees.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The plaintiff, Beate Bingham, executor of the estate of Robert Bingham, filed a twelve-count, wrongful-death and survival-action complaint against the defendant, the Lutheran General and Deaconess Hospitals, which had provided blood transfusions and related medical services to the deceased who was a patient at the hospital immediately prior to his death. Counts III and IV alleged that the hospital had breached warranties of merchantability and fitness by supplying him blood which contained hepatitis virus and Counts VII and VIII alleged that it was strictly liable in tort for injecting into his body blood contaminated by the same virus.

The hospital filed a motion to dismiss these counts on the ground that recovery was barred by the Act relating to liability for the "Use of Human Blood, Organs or Tissues" which provides that the furnishing of blood is a service and not a sale, and that its legal liability was therefore limited to instances where the plaintiff could prove that it was guilty of negligence or willful misconduct. Ill. Rev. Stat. 1971, ch. 91, pars. 181—184.

The plaintiff filed a reply to the motion asserting that the Act violated the equal protection clause of the United States and Illinois constitutions (U.S. Const., amend. XIV, § 1; Ill. Const., art. I, § 2(1970)),

and the provision in the Illinois Constitution (section 13, article 4) which prohibits "special legislation."

The trial court sustained the motion to dismiss the four counts and the plaintiff appeals, the court having held that there was no just reason for delaying an appeal.

Section 2 of the Act (Ill. Rev. Stat. 1973, ch. 91, par. 182) provides:

"The procuring, furnishing, donating, processing, distributing or using human whole blood, plasma, blood products, blood derivatives and products, corneas, bones, or organs or other human tissue for the purpose of injecting, transfusing or transplanting any of them in the human body is declared for purposes of liability in tort or contract to be the rendition of a service by every person, firm or corporation participating therein, whether or not any remuneration is paid therefor, and is declared not to be a sale of any such items and no warranties of any kind or description nor strict tort liability shall be applicable thereto, except as provided in Section 3."

■■ The contentions raised by the plaintiff in this appeal were before this court in *Glass v. Ingalls Memorial Hospital* (1975), 32 Ill.App.3d 237, 336 N.E.2d 495. In *Glass,* where the trial court dismissed a complaint which contained counts identical to the ones in the present case, we upheld the constitutionality of the Act and in doing so stated:

"We do not believe that the granting of a statutory exemption to the distributors of human tissue for the purpose of injection, transfusion and the like from the general rule holding merchants and manufacturers strictly liable in tort for defects in their products to be unreasonable or arbitrary. We therefore hold that section 181 *et seq.* is not violative of the constitutional proscription on special legislation and, accordingly, affirm the judgment entered below dismissing plaintiff's complaint." 32 Ill.App.3d 237, 241.

In response to this decision, with which we concur, the plaintiff points out that the court did not pass upon the question whether the Act in dispute was in contravention of the constitutional right to equal protection of the laws, and the court did not discuss the "self-repealing" provision of section 4 of the Act (Ill. Rev. Stat. 1973, ch. 91, par. 184)—"This Act is repealed on July 1, 1976"—which she contends by its own terms renders it both special legislation and violative of equal protection.

■■ The basis for the equal protection argument is that the Act singles out the furnishing of blood and human tissue to a patient, and thus unreasonably distinguishes between these and other materials which may be injected into a patient's body during hospitalization. The equal pro-

tection clauses do not prevent a State from adjusting its legislation to differences in situations. In *Hamilton Corp. v. Alexander* (1972), 53 Ill.2d 175, 290 N.E.2d 589, the court stated that a statute affecting the classifications of persons or objects is not unconstitutional merely because it affects one class and not another, provided that it affects all members of the same class alike, and so long as the classification is not arbitrary and is founded upon some substantial difference in the circumstances or conditions properly related to the classification.

■■■ The Act does not discriminate in favor of hospitals within the class of individuals that furnish blood. The Act applies to "[e]very person, firm or corporation involved in &ast; &ast; &ast; [t]he procuring, furnishing, donating, processing, distributing or using human whole blood, plasma, blood products, blood derivatives and products &ast; &ast; &ast;." (See *McDaniel v. Baptist Memorial Hospital* (W. D. Tenn. 1971), 352 F.Supp. 690, *aff'd*, 469 F.2d 230 (6th Cir. 1972).) Hospitals are a member of the class which is immunized from strict tort liability, but they are not treated as a special subgroup within the class. Moreover, there is a reasonable distinction between the furnishing of blood and the furnishing of serums and drugs. The manufacturer of a drug can control its chemical composition, but hospital personnel who administer blood transfusions have no such control over the chemical formation of the blood they use. It is possible to test medications and discover potential side effects, but, as was pointed out in *Glass v. Ingalls*, there presently is no medical test available that can detect or prevent the presence of hepatitis virus in blood with complete accuracy. There are some tests presently in use; however, they are far from infallible. (Annot., 45 A.L.R. 3d 1364, 1373, n. 2 (1972).) We presume that the legislature hoped a reliable test might be devised by July 1, 1976, and for that reason provided for the expiration of the 1973 Act on that date, just as it had previously provided for the termination of the original 1971 Act on July 1, 1973. The fixing of an expiration date does not invalidate the Act.

The order dismissing the complaint is affirmed.

Affirmed.

McNAMARA and MEJDA, JJ., concur.