(No. 70427.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ANTHONY WILLIAMS, Appellee.

*Opinion filed August 14, 1991.*

HEIPLE, J., specially concurring.

MILLER, C.J., dissenting.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Terence M. Madsen and Steven J. Zick, Assistant Attorneys General, of Chicago, of counsel), for the People.

G. Joseph Weller, Deputy Defender, and Francine Harrison, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellee.

JUSTICE MORAN delivered the opinion of the court:

The defendant, Anthony Williams, was convicted of making two unlawful deliveries of a controlled substance (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(c)) and sentenced to a concurrent term of three years' imprisonment by the circuit court of Stephenson County. The defendant filed a notice of appeal and requested that an appeal bond be set. Although the State recommended that the bond be doubled, the trial court allowed him to remain free on the same bond. A hearing was later held on the State's motion to determine whether the court's earlier decision, to allow the defendant to remain free on bond pending appeal, was in accordance with State law. At this hearing, the court referred to section 110—6.2(b) (the section) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 110—6.2(b)), entitled "Post-conviction Detention," and allowed the defendant to remain free on bond because it declared the section to be unconstitutional. The case comes to this court on the State's direct appeal of the trial court's order (134 Ill. 2d R. 603).

The sole issue presented for review is whether the section is constitutional.

The relevant facts are undisputed. A grand jury returned two indictments against the defendant, each charging him with the unlawful delivery of a controlled substance and bail was set at $10,000 for each offense. Defendant was tried, convicted as charged and sentenced to a concurrent term of three years' imprisonment. He then filed a notice of appeal and the trial court permitted him to remain free on the same bond pending appeal.

Thereafter, the State filed a motion requesting a hearing pursuant to the section in order to determine whether the defendant should remain free on bond pending appeal. A hearing was held wherein the State maintained that defendant's bond should be revoked because his appeal did not raise a substantial question of law or fact likely to result in reversal or an order for a new trial. Defendant, on the other hand, claimed the State should have objected to the appeal bond at the time the court entered its order.

Despite defendant's timeliness argument, the court nevertheless referred to the section and made the following findings. The appeal did not present an issue likely to result in reversal. Also, if released on bond, the defendant would not pose a threat to the community, nor would he likely flee the jurisdiction. Given these findings, the court was required by the section to revoke defendant's bond. However, as quoted below, the court *sua sponte* found the section to be unconstitutional and defendant was permitted to remain free on bond during the pendency of his appeal.

> "THE COURT: I think the legislature has enacted a statute without providing the facility to house a great many people or residents of the State of Illinois who stand convicted but are appealing the orders of conviction and the sentences, and I think it is not a practical determination that they've made. I feel that it's also a due process issue where a defendant has a constitutional right to an appeal and to have that decision made, and whether I would speculate in his favor is I think beside the point in this particular case, and that is the ruling. I understand what the statute says. I'm going to do it on the basis that I feel it is unconstitutional."

The State maintains in its brief that the section is constitutional for two reasons. First, the legislature clearly considered the issue of prison overcrowding when it passed the section into law. Second, the statute does not infringe upon the defendant's right to appeal. Defendant

claims that the statute is unconstitutional because it not only obstructs his right to appeal, it also violates the separation-of-powers clause in that it encroaches upon the authority of the judiciary to admit persons to bail.

The section provides as follows:

"The court shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment shall be held without bond unless the court finds by clear and convincing evidence that:

(1) the person is not likely to flee or pose a danger to the safety of any other person or the community if released on bond pending appeal; and

(2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial." Ill. Rev. Stat. 1989, ch. 38, par. 110—6.2(b).

This court is required to initially presume that all statutes are constitutional and the party who challenges a statute must clearly establish the alleged constitutional violation. Also, it is the duty of this court " 'to construe acts of the legislature so as to affirm their constitutionality and validity, if it can reasonably be done, and further if their construction is doubtful, the doubt will be decided in favor of the validity of the law challenged.' " (See *People v. Bales* (1985), 108 Ill. 2d 182, 188, quoting *Continental Illinois National Bank & Trust Co. v. Illinois State Toll Highway Comm'n* (1969), 42 Ill. 2d 385, 389.) However, "[i]t is no less our duty to strike down legislation that plainly violates the Constitution." *People v. Lindner* (1989), 127 Ill. 2d 174, 184.

Defendant attacks the constitutionality of the section on two grounds. First, he contends that the section violates his right of appeal as conferred by sections 4 and 6 of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI, §§4, 6) because he claims that appeal bonds are difficult to obtain under the section since courts have to

find their own rulings lack merit. Consequently, his right to a meaningful appeal is thwarted because he could possibly serve his entire sentence before obtaining appellate relief.

In support of his first contention, the defendant principally relies on this court's holding in *Hamilton Corp. v. Alexander* (1972), 53 Ill. 2d 175. In *Hamilton*, the court struck down a statute which required an appellant to file an appeal bond as a prerequisite to his right of appeal. The bond requirement under the statute was unconstitutional because it amounted to a substantive condition which qualified or restricted the constitutional right of appellate review. *Hamilton*, 53 Ill. 2d at 178-79.

No such condition is found in the section. An appellant's *right of appeal* is not conditioned in anyway. Rather, a defendant's right to be admitted to bail is conditioned. Speculation that many defendants would be held in custody while their cases are considered by an appellate court does not amount to an unconstitutional obstruction to the right of appellate review.

Second, defendant contends that the section is unconstitutional because it violates the separation of powers clause of our constitution in that it encroaches upon the judicial power granted to this court. According to the defendant, the encroachment is evidenced by a conflict between the section and Supreme Court Rule 609(b) (134 Ill. 2d R. 609(b)).

Under article II, section 1, of our constitution, "[t]he legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." (Ill. Const. 1970, art. II, §1.) If a power is considered to be judicial in character, the legislature is prohibited from exercising it. (*People v. Joseph* (1986), 113 Ill. 2d 36, 41.) The Constitution of 1970 provides that the "[g]eneral administrative and supervisory authority over all courts is vested in the Supreme Court and shall be ex-

ercised *** in accordance with its rules." (Ill. Const. 1970, art. VI, §16.) If a statute conflicts with a judicial rule, this court has sought to reconcile most conflicts between rules of the judiciary and legislative enactments. (*People v. Williams* (1988), 124 Ill. 2d 300, 306.) Yet, our rules will prevail over a statute that "directly and irreconcilably conflicts with a rule of this court on a matter within the court's authority." *People v. Walker* (1988), 119 Ill. 2d 465, 475.

Supreme Court Rule 609(b) provides in pertinent part as follows:

> "If an appeal is taken from a judgment following which the defendant is sentenced to imprisonment *** the defendant may be admitted to bail and the sentence or condition of imprisonment or periodic imprisonment stayed, with or without bond, by a judge of the trial or reviewing court." 134 Ill. 2d R. 609(b).

In support of his argument that the section violates the separation of powers clause, defendant relies primarily on *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62. The dispute in *Stamos* concerned a conflict between Supreme Court Rule 609(b) and a statute that precluded a defendant from remaining free on bond pending appeal if he was convicted of a forcible felony (Ill. Rev. Stat. 1967, ch. 38, par. 121—6(b)). The court held the statute invalid because "the constitution has placed responsibility for rules governing appeal in the Supreme Court, and not in the General Assembly." *Stamos*, 40 Ill. 2d at 66.

The State maintains that the *Stamos* decision is easily distinguishable from the instant case. According to the State, the statute at issue in *Stamos* was properly invalidated because "the legislature exceeded its authority by simply removing an entire group of offenses from judicial supervision and by foreclosing the exercise of any judicial discretion whatsoever where forcible felonies were concerned." Thus, the State concludes that the legislature

has not encroached upon the supreme court's power in the instant case because no category of offenses has been set aside which deprives the judiciary of its authority to admit persons to bail.

Turning to the language of the section, the use of the word "shall" is generally indicative of a mandatory intent, although this is not a concrete rule. (*People v. Felella* (1989), 131 Ill. 2d 525, 539.) A statute may also be interpreted as permissive, but such a construction is dependent upon the context of the provision and the intent of the drafters. (*People v. Flores* (1984), 104 Ill. 2d 40, 47; *People v. Youngbey* (1980), 82 Ill. 2d 556, 562.) After reviewing the language of the section, we find that the word "shall" cannot reasonably be accorded a permissive interpretation given the manner in which the word is used within the section.

The section states in pertinent part as follows:

> "*The court shall order* that a person who has been found guilty of an offense and sentenced to a term of imprisonment *shall be held without bond unless* the court finds by clear and convincing evidence that:
>
> (1) the person is not likely to flee or pose a danger to the safety of any other person or the community if released on bond ***; and
>
> (2) *** the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 38, par. 110—6.2(b).

According to the language of the section, once an individual is found guilty of an offense and sentenced to prison, the court is to presume, in effect, that the person cannot be admitted to bail during the pendency of his appeal. This presumption can only be overcome after the court makes a number of findings, all of which must be supported by clear and convincing evidence. " '[C]lear and convincing evidence is considered to be more than a pre-

ponderance while not quite approaching the degree of proof necessary to convict a person of a criminal offense.' " *Drogos v. Village of Bensenville* (1981), 100 Ill. App. 3d 48, 54, quoting *In re Estate of Ragen* (1979), 79 Ill. App. 3d 8, 15.

First, the court must find that the person is not likely to flee or pose a danger to others; second, the court must find that the person is not exercising his right of appeal for purposes of delay; third, the court must find that his appeal raises a substantial question of law or fact; and finally, the court must find that the question on appeal would likely result in reversal or a new trial. The cumulative effect of the section operates to severely curtail the court's authority to admit persons to bail. Thus, we hold that the section imposes a mandatory requirement upon the judiciary which directly and irreconcilably conflicts with Supreme Court Rule 609(b). That rule provides that persons may be admitted to bail at the discretion of "a judge of the trial or reviewing court." 134 Ill. 2d R. 609(b).

Although the trial court found the section unconstitutional on other grounds, this court can affirm the decision of the circuit court even though it may have relied on other grounds and other reasoning and even if the circuit court incorrectly stated the law. *Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 148.

For the reasons given, this court finds the section to be invalid, and the judgment of the circuit court is affirmed.

*Judgment affirmed.*

JUSTICE HEIPLE, specially concurring:

I concur in the judgment of the court.

The sole issue presented by this direct appeal is whether section 110—6.2 of the Code of Criminal Procedure, entitled "Post-conviction Detention," is constitu-

tional. The statute provides that a court *shall* order a person found guilty of an imprisonable offense incarcerated without bond unless the court finds by clear and convincing evidence that: (1) the person is not likely to flee and does not pose a danger to others; and (2) the defendant's appeal is not for the purposes of delay and raises a substantial question of law or fact that will likely result in reversal or a new trial (Ill. Rev. Stat. 1989, ch. 38, par. 110—6.2(b)). Admittedly, there is merit to these legislative guidelines. There is little question but that such factors are commonly considered by judges who are deciding whether to set bail on appeal. The decision to grant or deny bail in criminal proceedings, however, is an inherent power of the courts. By enacting section 110—6.2, the Illinois legislature is intruding in an area where it lacks jurisdiction.

This court in *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 66, stated that "the constitution has placed responsibility for rules governing appeal in the Supreme Court, and not in the General Assembly." The Constitution of 1970 provides that the "[g]eneral administrative and supervisory authority over all courts is vested in the Supreme Court and shall be exercised *** in accordance with its rules." (Ill. Const. 1970, art. VI, §16.) Pursuant to its constitutional authority, this court adopted Supreme Court Rule 609(b), which states that a defendant may be admitted to bail at the discretion of a trial judge or a reviewing court. (134 Ill. 2d R. 609(b).) Determining whether defendants should be admitted to bail during the pendency of the criminal appeals process is a power that is exclusively vested in the judiciary.

CHIEF JUSTICE MILLER, dissenting:

In the present case, the majority finds a conflict between the requirements of the statute and the terms of our rule and concludes that the statute is unconstitutional.

I respectfully dissent, for I believe that the two provisions may be reconciled easily, and the constitutional question therefore avoided.

A separation of governmental powers is implicit in our familiar tripartite system of State government (*County of Kane v. Carlson* (1987), 116 Ill. 2d 186, 206); the same principle is stated explicitly in article II, section 1, of the Illinois Constitution (Ill. Const. 1970, art. II, §1 ("The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another")). The doctrine does not contemplate the division of governmental power into rigid compartments (*City of Waukegan v. Pollution Control Board* (1974), 57 Ill. 2d 170, 173-74), and I do not believe that the present statute unconstitutionally intrudes on judicial authority.

Supreme Court Rule 609(b) states that a convicted defendant "may be admitted to bail and the sentence or condition of imprisonment or periodic imprisonment stayed, with or without bond, by a judge of the trial or reviewing court." (134 Ill. 2d R. 609(b).) Section 110—6.2(b) of the Code of Criminal Procedure of 1963 provides that a convicted defendant may be released on bond pending appeal if he establishes, by clear and convincing evidence, that he "is not likely to flee or pose a danger to the safety of any other person or the community if released" and that "the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial." (Ill. Rev. Stat. 1989, ch. 38, par. 110—6.2(b).) The majority concludes that section 110—6.2(b) violates the separation of powers doctrine because the statute purports to limit the authority of a court, as expressed in the rule, to admit defendants to bail pending appeal. I do not agree.

The statute and the rule are easily reconciled. Rule 609(b) provides that a court may release a convicted defendant pending appeal. The rule is silent, however, on

what criteria and standard of proof govern that decision. These are now supplied by section 110—6.2(b), which specifies the relevant considerations. In substance, the statute simply codifies the circumstances normally considered by a court in deciding whether to release a convicted defendant pending appeal. Indeed, the same criteria and standard of proof are also found in the corresponding Federal statute. (See 18 U.S.C. §3143 (1988).) Though section 110—6.2(b) is now invalid, I am sure that our courts will continue to apply the same considerations in the future.

Today's decision affords preemptive effect not only to what Rule 609(b) says, but also to what it does not say. Unlike the statute invalidated in *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, however, section 110—6.2(b) does not impinge on this court's authority over appeals by rendering an entire class of offenders ineligible for release. Rather, the present statute merely standardizes the criteria and proof required for release, matters on which the rule is entirely silent. Thus, I would conclude that section 110—6.2(b) falls within the legislature's traditional power to enact laws complementing the authority of the judicial branch. See *People v. Walker* (1988), 119 Ill. 2d 465, 475; *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 281.

Finding no conflict between the statute and the rule, I would uphold the statute. I express no view on the extent of the legislature's independent authority to enact guidelines governing release, a question that is not necessary to the resolution of the present case and thus one that need not be answered here (see *Schoeberlein v. Purdue University* (1989), 129 Ill. 2d 372, 377).